USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
:
UNITED STATES OF AMERICA        :   CONSENT ORDER OF
                                :   INTERLOCUTORY
        - v. -                  :   SALE OF REAL PROPERTY
                                :
MICHAEL HILD,                   :   19 Cr. 602 (RA)
                                :
        Defendant.              :
------------------------------------------------- x

WHEREAS, on or about August 26, 2019, MICHAEL HILD (the "Defendant"), was charged in a five-count Indictment 19 Cr. 602 (RA) (the "Indictment"), with: conspiring to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Five);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Five of the Indictment;

WHEREAS, on or about August 28, 2019, the Honorable Gregory H. Woods, United States District Judge, sitting in Part I, issued a post-indictment restraining order prohibiting the Defendant

or his wife, Laura Hild, from selling or otherwise encumbering over two dozen real properties owned directly or indirectly by Laura Hild in Richmond, Virginia, after finding probable cause to believe that those properties were purchased with proceeds of the fraudulent schemes alleged in the Indictment (the "Real Estate Development Properties");

WHEREAS, Laura Hild has notified the Government of her interest in the Real Estate Development Properties through her ownership of Church Hill Ventures, LLC ("Church Hill Ventures") and Gardenia, LLC ("Gardenia"), the two Virginia limited liability companies that own the Real Estate Development Properties;

WHEREAS, Gardenia has certain development obligations for 1228 Hull Street which, if not satisfied, may result in criminal violations for Laura Hild;

WHEREAS, the Virginia Credit Union ("VACU") has a lien on certain of the Real Estate Development Properties owned by Church Hill Ventures due to the fact that those properties were pledged as secured collateral for loans that VACU has extended to Church Hill Ventures; and

WHEREAS, the Government, the Defendant, Laura Hild, Church Hill Ventures, Gardenia, and VACU seek the sale of the following subset of the Real Estate Development Properties (the "Restrained Properties") to preserve their value pending a resolution of the criminal charges and a final adjudication of the Government's forfeiture claims and for other reasons:

      i.      1201 Decatur Street
      ii.     1228 Hull Street
      iii.    1427 Hull Street
      iv.    1518 Hull Street
      v.     1812 Hull Street
      vi.    1814 Hull Street
      vii.   1910 Hull Street
      viii.  1703 Maury Street

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Church Hill Ventures, Gardenia, Laura Hild and/or her representatives are authorized to sell the Restrained Properties in a commercially reasonable manner, including by auction. The Government may, in its sole discretion, reject any pre-approved authorized sale prices on any of the Restrained Properties for insufficient value so long as they are rejected within two business days of when they are provided to the Government. If the Government does not reject a pre-approved authorized sale price within that time, the seller may proceed with the sale so long as at least that gross price is attained. The Government may, after a potential sale, approve a sale even below a pre-approved authorized sale price, in its discretion, so long as the lower price is approved by the seller of the Restrained Property and any lienholder on the Restrained Property. The Government may also reject a sale where it determines that the purchase is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture within seven days of notice of the sale terms and buyer to the Government.

2. With the exception of the possible Development Costs in Paragraph 5, upon the sale of the Restrained Properties, the net proceeds from the sale shall be held in Whiteford, Taylor, & Preston LLP Attorney Trust IOLTA Account pending entry of a final order of forfeiture or other further order of this Court. Church Hill Ventures and Gardenia do not waive any rights and reserve all rights to come to this Court for release of the funds to VACU for payment of the debt. Those proceeds and any interest earned thereon during the pendency of the above-captioned case shall serve as a substitute res for the Restrained Properties (the "Substitute Res") in the above-captioned case, with all lien, claims, interests and defenses applicable to the Restrained Properties, including any other action that may be brought by the Government for forfeiture of the Restrained Properties or claims by third parties, to apply instead to the Substitute Res.

3. In the event that 1228 Hull is not sold, then Church Hill Ventures and/or Gardenia may use up to $500,000.00 of the net proceeds from the sale of the Restrained Properties owned by Gardenia for the development obligations of 1228 Hull Street (the "Development Costs"). In that event, the Government may inspect receipts for the Development Costs at its option.

4. The net proceeds ("Net Proceeds") for the sale of the Restrained Properties will include all moneys realized from the sale of the Restrained Properties, and the following expenses in so far as they arise from the sale of the Restrained Properties and are shared on a *pro rata* basis with any other properties that might be sold in the same transaction or transactions:

    a) Real estate commissions, including fees or buyers' premiums;
    b) Any auctioneer fees and reimbursements to Laura Hild of marketing costs advanced by Laura Hild;
    c) Any real estate, property, and transfer tax, which is due and owing at the time of the sale;
    d) Insurance costs;
    e) Escrow fees;
    f) Title fees;
    g) County transfer fees; and
    h) Other closing costs or fees including attorneys' fees.

5. Church Hill Ventures, Gardenia, Laura Hild and/or her representatives may, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Restrained Properties in accordance with all laws and procedural rules applicable to such sale.

6. All parties to this order and parties with liens on or interest in the Restrained Properties hereby reserve all liens, claims, interests and defenses applicable to the Restrained Properties, including any other action that may be brought by the Office for forfeiture of the Restrained Properties or claims by third parties to apply instead to the Net Proceeds.

7. The sale of any Restrained Property shall not constitute a transfer for tax purposes until clear title to the net proceeds of the sale of the Restricted Properties is established at the end of the Defendant's criminal case. Any gain or loss from the sale of the Restricted Properties shall

not be determined for federal tax purposes, including but not limited to capital gains taxes or historic tax credit recapture liabilities, until clear title to the net proceeds of the sale of the Restricted Properties is established at the end of the Defendant's criminal case.

8. Any property owned by any of the entities owned by Laura Hild or in which Laura Hild has an interest that is not specifically listed in the August 28, 2019 post-indictment restraining order is not covered by the terms of that Order, is not a Restrained Property, and the owners of any such properties may transfer, sell, assign, pledge, hypothecate, encumber or dispose of those properties in any manner the owner sees fit. Nothing herein shall operate as a waiver of the Government's right to bring a claim related to the proceeds in the future or to seek to restrain or forfeit the proceeds from the sale of any of these properties.

9. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Restrained Properties.

10. Nothing herein prohibits or prejudices Laura Hild and/or any entities owned by Laura Hild to argue that funds from the sale of the Restrained Properties should be set aside to address tax liabilities Laura Hild or entities owned by her may incur as a result of the proposed sales or any other sales.

11. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this interlocutory order.

December 12, 2019

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

December 12, 2019
Date

5