UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x
:
UNITED STATES OF AMERICA,  : 19 Cr. 602 (RA)
:
Plaintiff,  :
:
v.  :
:
MICHAEL HILD,  :
:
Defendant.  :
:
:
————————————————————x

## DEFENDANT MICHAEL HILD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL EVIDENCE AT TRIAL RELATED TO SUMMARY TESTIMONY FROM SEC WITNESS

Benjamin G. Dusing
Law Offices of Benjamin Dusing, PLLC
809 Wright's Summit Pkwy, Ste 120
Fort Wright, KY 41011
Telephone: 859-635-5000
bdusing@bgdlaw.com
*Admitted pro hac vice*

*Counsel for Michael Hild*

## INTRODUCTION

The charges against Mr. Hild in this case may be fairly summarized as alleging that Mr. Hild directed a scheme to defraud certain lenders by intentionally misrepresenting the value of certain securities pledged as collateral for the loans in question such that Mr. Hild's company, Live Well Financial, Inc. ("LWF") was able to borrow more funds from the lenders than LWF would have were the value of the collateral for the loans obtained accurately represented by LWF. The representations of the collateral's value were made by LWF, allegedly at Mr. Hild's direction, not to the alleged "victim" lenders directly but to a third-party valuation company, Interactive Date Corporation ("IDC"), which was in the business of independently valuing complicated securities of the kind pledged by LWF as collateral for the loans in question and on whom Mr. Hild knew (it is alleged) the alleged victim lenders relied in determining the value of the collateral pledged by LWF for the loans in question. Because the alleged "victim" lenders lent to LWF based on the value of the collateral pledged, and because the alleged "victim" lenders valued the collateral in question by reference to IDC's "pricing" of the collateral, LWF and Mr. Hild were able to increase the amount of funds they could borrow from the alleged "victim" lenders by intentionally misrepresenting the value of the collateral securing the loans to IDC (knowing that the alleged "victim" lenders would rely on the values published by IDC in determining the amounts to lend LWF). More or less, this is the essence of the charges in this case against Mr. Hild.

A basic premise of the government case against Mr. Hild is, of course, that the values of the complicated securities pledged as collateral for the purchase-money loans sought and obtained by LWF from the alleged "victim" lenders (synthetic, interest-only "strips" of reverse-mortgage-backed securities known as Home Equity Conversion Mortgages ("HECM IOs"), which

guaranteed an uncertain future revenue stream for an uncertain period of time) were in fact less than the values LWF provided IDC. To convict Mr. Hild, the government must prove more than that, of course – but it must at least prove that. It is not clear, however, how the government intends to prove this basic point at trial, however. Prove it the government will have to – indeed, the point is anything but conceded by Mr. Hild.

Proving that the securities were in fact worth less than what LWF told IDC they were worth would seem to require expert testimony. Indeed, the indisputable complexity of the complicated securities at issue – for which there was no active secondary market whatsoever, such that any notion of a "market value" necessarily required resort to complicated modeling exercises (even for IDC, a third-party valuation company whose very existence and purpose was to endeavor to "price" such hard-to-value securities) – renders the issue of their value subject matter indisputably outside the scope of an average juror's common experience and knowledge. (In fact, the evidence at trial will be that even IDC itself would acknowledge that the value of the complicated securities at issue is very much an art, not a science, and can be very much a matter of reasonable professional disagreement.) For present purposes, the point is simply that proving the value of the securities in question would seem to indisputably require the government to put on witnesses with "specialized knowledge" of the subject matter (i.e., expert testimony).

The jury will hear no such proof at the trial, however – from any government witness. The government did not disclose any such witnesses or testimony, and the deadline for doing so (and for making the necessary disclosures in connection therewith, as mandated pursuant to Federal Rule of Criminal Procedure 16(e)) has long since come and gone.

Perhaps recognizing its problem in this regard, the government by letter to defense counsel dated March 8, 2021 has indicated that, in addition to the fact witnesses identified in the

letter, it "anticipates that it will call a witness from the Division of Economic and Risk Analysis at the Securities and Exchange Commission to provide summary testimony regarding, among other things, the way in which bond prices that Live Well submitted to IDC during the scheme compared to (1) the prices at which Live Well purchased those bonds, and (2) the prices that IDC carried for similar bonds not owned by Live Well. The government goes on to state in its disclosure letter that it "will provide the exhibits associated with this testimony, as well as additional summary and demonstrative exhibits, in advance of trial." The government in its letter further states that it "may call one or more additional summary witnesses."

This Court should enter an Order prohibiting the government from calling any such "summary witness" from the SEC or using at trial any exhibits not disclosed by March 8, 2021 (the deadline for disclosure of the government's exhibits pursuant to the Court's prior Order dated August 24, 2020). The reasons are several.

In the first place, such testimony would be improper insofar as there is nothing to summarize. To the extent that the "summary testimony" referenced by the government in its March 8, 2021 disclosure letter refers to testimony merely presenting summary chart or graph exhibits admissible pursuant to Federal Rule of Evidence 1006 summarizing the specific information referenced in its letter ((1) and/or (2) above), such exhibits if any were required to be disclosed on March 8, 2021 pursuant to the Court's prior Order of August 25, 2020 adopting the parties' jointly-negotiated and jointly-proposed interim trial schedule. No such exhibits have been disclosed, and no notice of any intention on the part of the government to use summary charts or graphs in its presentation of proof at trial pursuant to Rule 1006 has been filed. To the extent that the defense would be willing to agree to the government's introduction of any such Rule 1006 summary exhibits despite the government's untimely disclosure in the interests of not

unnecessarily complicating the government's presentation of its proof at trial (and unnecessarily drawing out the trial of this matter) – something the defense would indeed consider – the proper witnesses for the introduction of any such summary exhibits would be the government's case agent(s) – really, anybody but a witness from the SEC. The only reason for calling a witness from the SEC to introduce and present any such summary exhibits or evidence would be to highlight for the jury the fact of the antecedent SEC investigation of the subject matter – a fact totally irrelevant to the questions to be determined by the jury in this case (a criminal matter) and likely highly prejudicial to Mr. Hild. Pursuant to Rule 1006, it is not necessary after all that the person or persons who prepared the Rule 1006 summary exhibit introduce the summary exhibit (only that the witness through whom the summary exhibit is introduced have the requisite knowledge of its preparation).

Furthermore, to the extent the "summary testimony" to be presented by a witness from the SEC referenced in the government's disclosure letter suggests testimony other than "fact witness" testimony of any kind – to include opinion testimony of any kind related to the value of the securities (bonds) in question based on the witness's specialized skills, knowledge, or experience – such testimony would be manifestly improper. Any such testimony is plainly "expert testimony," which of course was required to be disclosed by the date specified in the Court's prior Order dated August 25, 2020. *See Court Order dated August 25, 2020.* Because no such expert testimony was disclosed, the government is prohibited from introducing any such expert/opinion testimony at trial.

Finally, the government should not be permitted to introduce exhibits of any kind ("summary" or otherwise) not disclosed to the defense on or before March 8, 2021 – the deadline for the disclosure by the government of its exhibits, pursuant to the Court's Order dated August

25, 2020. The Court's prior Order in this regard does not admit of any exceptions. The Court should enforce the terms of the Order as written, in the interests of justice.

In conclusion, for the foregoing reasons this Court should enter an order preventing the United States at trial from calling a witness from the SEC to present "summary testimony" of any kind, from presenting "summary testimony" of any kind at the trial of this matter, from introducing any "summary exhibits" pursuant to Rule 1006 (or any other Rule of Evidence), and from introducing any exhibits not disclosed to the defense on or before March 8, 2021 as required pursuant to the terms of the Court's prior Order in this matter dated August 25, 2020.

Dated: Fort Wright, KY
       March 11, 2021

                    Respectfully submitted,

                    s/ Benjamin. G Dusing
                    Benjamin G. Dusing
                    Law Offices of Benjamin Dusing, PLLC
                    809 Wright's Summit Pkwy Ste 120
                    Fort Wright, KY 41011
                    Telephone: 859-635-5000
                    bdusing@bgdlaw.com

                    *Counsel for Michael Hild*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a notice of electronic filing on the following:

Jordan Estes
*Assistant United States Attorney*

Scott Hartman
*Assistant United States Attorney*

/s/ *Benjamin G. Dusing*
Benjamin G. Dusing