

Respond to Fort Wright Office:
809 Wright's Summit Parkway
Suite 120
Fort Wright, Kentucky 41011

**Benjamin G. Dusing**
(859) 635-5000
bdusing@bgdlaw.com

April 12, 2021

VIA CM-ECF

Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    United States v. Michael Hild, et al., *No. 19-cr-602 (RA) – Response to Government's Submission on Outstanding Discovery Issue*

Dear Judge Abrams:

      The defense writes in response to the letter submission submitted by the Government earlier today regarding the issues still outstanding after the pretrial conference last Friday.

      The defense agrees that the outstanding issue regarding the "summary" testimony of Dennis Hamilton from the SEC is now moot in light of the Government's representations in its letter submission to the Court that "it will no longer seek to offer the evidence regarding comparable bonds to which the defendant objects." Government's Letter Submission at 1.

      The defense agrees with the Government's representation that the parties have worked out the issues regarding the recorded calls to be played at the trial with the exception of GX 412. There remains a good faith disagreement between the parties regarding application of the Rule of Completeness to this portion of the recorded call proposed to be introduced by the Government.

      The defense acknowledges, respects, and appreciates the Government's position that it has agreed to various compromises in the course of the parties' discussions of these issues, the effect of which is that the Government has agreed to the admission of a much greater portion of the recorded calls than the Government had originally proposed. That said, the defense too has compromised significantly in agreeing to significantly trim those portions of the recorded calls that it believes ought in fairness be offered so as to ensure that the targeted selections to be

Honorable Ronnie Abrams
April 12, 2021
Page 2

played by the Government (in most instances, a very small part of the larger conversation captured on the recordings) properly contextualize the handful of lines proposed to be put before the jury by the Government.  Accordingly, the defense respectfully submits that the fact that the Government has significantly compromised in agreeing that more rather than less should be played as to the other recorded calls at issue should not bear upon the analysis of what is required for Rule of Completeness purposes to ensure that the portion of the recorded call proposed to be introduced by the Government as GX 412 is a fair and complete presentation of the evidence to the jury helpful to the finder of fact in ascertaining truth (as opposed to misleading the finder of fact).

The purpose of the Rule of Completeness (FRE 106) of course, is to ensure that evidence presented to the jury is not misleading in its incompleteness.  The Rule is a reflection of the common sense observation that one way to tell a good lie is to tell only part of the truth.  *That* is the interest sought to be guarded against – i.e., that presentation of merely a part of the evidence can (and often does) mislead.

From the defense's perspective, these principles are at the heart of the parties' disagreement over the Government's desire to offer GX 412.  The defense respectfully submits that the jury will almost certainly be misled if GX 412 ends at line 233, as proposed by the Government.  The defense respectfully submits that the characterization of the hour-long call as set forth in its letter submission to the Court is incorrect.  The Government characterizes the call as being about two separate issues, and argues that the Rule of Completeness does not require the playing of any part of the call after line 233 because the conversation on the call at that point shifts to the other issue.  But the Government's characterization of the call as a clean "issue 1 then issue 2" conversation is simply not accurate.  In point of fact, the two issues are not stand-alone issues but are instead interrelated.  It is respectfully submitted that this is apparent from a review of the transcript of the call on the whole.  The two issues discussed on the call by the call participants are a) the movement of interest rates, and b) the effect of the movement of interest rates on the bond portfolio and LWF's valuation of the bonds that comprise it.  Not surprisingly, then, the call on the whole meanders – alternatively focusing on, at times, interest rate prognostications, and at other times, the effect of the various possible or anticipated interest rate movements on LWF's bond portfolio and its valuation of the bonds that comprise it.

That the call returns – multiple times – to the subject of the effect of potential interest rate movements on the bond valuations is evidenced by the discourse reflected later in the call at, inter alia, p. 21 lines 572-585, p. 31 lines 860-862, and p. 39 lines 064-067.  Each of these selections reflects commentary from Mr. Hild later on in the call that links up with the discussion of LWF's bond portfolio sought to be selectively excerpted by the Government (occurring far earlier in the call).  The comments from Mr. Hild bear directly on the issues to be decided by the jury in the case, and the omission of those portions of the call would all but certainly leave the jury with a misimpression about Mr. Hild's comments and his true intentions with respect to the subject matter discussed on the call.  The defense respectfully submits that, at the very least, that portion of the call occurring after the small excerpt sought to be offered by the Government to include at least the above comments of Mr. Hild on the call ought to be included, in fairness, to satisfy the Rule of Completeness (and, more generally, to ensure a fair presentation of the recorded call to the jury).

Honorable Ronnie Abrams
April 12, 2021
Page 3

The defense notes that the issue of selective excerpting of the recorded calls is particularly acute with respect to GX 412.  (Hence the defense's inability to compromise on the issue.)  The 8-line excerpt (of the hour-long recorded call) sought to be introduced by the Government viewed out of context admittedly could be taken as extremely-damning evidence of an intent to defraud on the part of the call participants.  No doubt that is why the Government is so opposed to the more contextualized presentation favored by the defense.  Were the jury to hear only the portion initially proposed by the Government, or even the portion preceding the portion proposed by the Government but nothing more, it seems fairly obvious that it is likely to draw inferences from the recorded call not truly supported by the recorded call as a whole.  The risk that the jury will be misled by a version of GX 412 that ends with the Government's 8-line selection in lines 226-233 (as the Government proposes) is extremely acute given that the impression will almost certainly be given that the portion played for the jury was the whole of the discussion on the issue regarding the impact on LWF's bond portfolio (or, even worse, that the 8-line selection was the end of the recorded call).  Given that the selection proposed by the Government is at the very beginning of the call, and over 990 lines of transcript text follow the 8-line excerpt that is the Government's interest in the recorded call – many lines of which reflect comments from call participants that relate the discussion of the interest rate changes to decisions to be made about the LWF bond portfolio – it is respectfully submitted that it would be egregiously inappropriate to end GX 412 with the 8-line excerpt the Government wants to get before the jury.

Accordingly, the defense respectfully submits that the Rule of Completeness – as well as basic due process principles of equity and fairness – compel that GX 412 include at least the portions of the call through p. 39 line 067.

The defense agrees with the Government that a ruling on this issue is not required prior to the parties' opening statements.

          Respectfully submitted,

          Benjamin G. Dusing
          Counsel for Michael Hild

By:_____/s/_____
          Benjamin G. Dusing
          Brandy K. Lawrence