

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 24, 2021

**By ECF**

The Honorable Ronnie Abrams
United States District Judge
40 Foley Square
Southern District of New York
New York, New York 10007

      Re:    <u>**United States v. Michael Hild**</u>,
               **19 Cr. 602 (RA)**

Dear Judge Abrams:

      The Government writes in advance of the charge conference scheduled for April 26, 2021, to propose an addition to the Court's jury instructions.

      Given the testimony and cross-examination on the disclaimer that Live Well provided to IDC (Tr. 153-55, 388-89, 918, 1078-79), the Government proposes that the second paragraph on page 28 of the draft charge be revised as follows, with proposed additions in bold:

      Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him in general reflect that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable person in making an investment decision. In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. **Nor does a disclaimer regarding the accuracy of information render that information immaterial as a matter of law.[1]** Once you find that the offense involved the making of material

---

[1] *United States v. Weaver*, 860 F.3d 90, 95 (2d Cir. 2017) (holding that contractual disclaimers of reliance on prior misrepresentations do not render those statements immaterial); *see also United States v. Ghilarducci*, 480 F.3d 542, 546 (7th Cir. 2007) ("Whether or not a victim in fact relied upon a defendant's false representations is irrelevant in criminal fraud cases."); *United States v. Leonard*, 350 F. App'x 480, 482 (2d Cir. 2009) (where offering statements were never intended to be accurate, disclaimers that they were estimates "cannot alone salvage an otherwise fraudulent material statement").

misrepresentations or omissions of material facts, **it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply.**[2]

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by:  _____/s/_____

Jordan Estes
Scott Hartman
Assistant United States Attorneys
(212) 637-2543/2357

cc:    Counsel for Michael Hild (by ECF)

---

[2] Adapted from the charge of the Honorable Colleen McMahon in *United States v. Black*, 16 Cr. 370 (S.D.N.Y. 2018); *see also United States v. Thomas*, 377 F.3d 232, 243-44 (2d Cir. 2004).