UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES,<br><br>            v.<br><br>MICHAEL HILD,<br><br>            Defendant. | No. 19-CR-602 (RA) |

RONNIE ABRAMS, United States District Judge:

## JUROR QUESTIONNAIRE

Please indicate if your answer to any of the following questions is "**yes**" by circling the number of that question and informing the Court when asked. If your answer to a question is "**no**," you need not do anything. Do not write your name or make any other marks on the questionnaire. If, when asked about a "**yes**" answer, you prefer not to explain your answer in open court, please say so and we will talk in a more private setting.

**I.    General Questions**

1. Based on my summary, do you have any personal knowledge of the facts or allegations in this case other than what I have told you thus far?

2. Have you heard, read, or seen anything through the media, internet, or any other source that you think, for any reason, might affect your ability to be a fair and impartial juror in this case?

**II.   Trial Participants**

3. The defendant in this case is Michael Hild. Do you, or any of your relatives or close friends, know him? Have you, or any of your relatives or close friends, had any dealings with him? Do you have any knowledge or information about him that might affect your ability to be a fair and impartial juror in this case?

4. The defendant is represented by Benjamin Dusing, Esq. of the Law Offices of Benjamin G. Dusing, PLLC, as well as Katy Lawrence, Esq.  Do you, or any of your relatives or close friends, know Mr. Dusing or Ms. Lawrence? Have you, or any of your relatives or close friends, had any dealings with them or with Mr. Dusing's firm? Do you have any knowledge or information

about them that might affect your ability to be a fair and impartial juror in this case?

5. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Audrey Strauss. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Scott Hartman and Jordan Estes, who will be assisted by paralegal specialists Rachel Troy and Ellis Lee. Do you, or any of your relatives or close friends, know any of these individuals? Have you, or any of your relatives or close friends, had any dealings with them? Do you have any knowledge or information about them that might affect your ability to be a fair and impartial juror in this case?

6. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York?

7. The Government attorneys will also be assisted by Special Agents Brandon Racz and William Bolinder of the Federal Bureau of Investigation ("FBI"). Do you, or any of your relatives or close friends, know Special Agent Racz or Special Agent Bolinder? Have you, or any of your relatives or close friends, had any dealings with either of these agents? Do you have any knowledge or information about them or that agency that might affect your ability to be a fair and impartial juror in this case?

8. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with the FBI?

9. I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

   a. Adam Basinger
   b. Chris Bowman
   c. Richard Boyd
   d. Ernie Calabrese
   e. Stuart Cantor
   f. Fred Coulson
   g. Bill Donnelly
   h. Ben English
   i. Kirk Evans
   j. Dan Foster
   k. John Gardner
   l. Glen Goldstein
   m. Tom Goodrow

    n. Todd Gutfleisch
    o. Glen Haddock
    p. Dennis Hamilton
    q. Colin Hannifin
    r. Daniel Hanuka
    s. Mark Heckert
    t. Lara Hernandez
    u. Darryl Hicks
    v. Michael Hild
    w. Alfonso Iervolino
    x. James Karides
    y. James Kearney
    z. Ilya Kleyman
    aa. Chris Krupa
    bb. Alex Levin
    cc. Alan Levy
    dd. Stephanie Lubin
    ee. Peter Marrinan
    ff. Matt McDonald
    gg. Thomas McGonigle
    hh. Gregory Minard
    ii. Richard Misiano
    jj. Jennifer Morrow
    kk. Annie Mymokhod
    ll. Doug Nickerson
    mm. Hayden Novikoff
    nn. Joe Redoubtey
    oo. Brett Rome
    pp. Eric Rohr
    qq. George Scott
    rr. Mike Shea
    ss. Scott Skyrm
    tt. Darren Stumberger
    uu. Al Troncoso

Do you, or any relatives or close friends, know any of those people? Have you, or any relatives or close friends, had any dealings, directly or indirectly, with any of them? Do you have any knowledge or information about them that might affect your ability to be a fair and impartial juror in this case?

10. I will now read a list of names of entities that may be mentioned during the trial:

   a. Angelo Gordon
   b. Atlantic Executive Consulting Group, LLC
   c. Bank of New York
   d. Brean Capital
   e. Customers Bank
   f. Duncan Williams
   g. First Bank of Tennessee
   h. Flagstar Bank
   i. Guggenheim Partners
   j. Hirschler Fleischer, P.C
   k. Industrial and Commercial Bank of China ("ICBC")
   l. Intercontinental Exchange ("ICE")
   m. International Data Corporation ("IDC")
   n. Keiter CPA
   o. Live Well Financial ("LWF")
   p. Mirae Asset Securities
   q. Mizuho Securities
   r. Murphy & McGonigle, P.C.
   s. National Reverse Mortgage Lenders Association ("NRMLA")
   t. Nomura
   u. Republic Bank
   v. Sandler O'Neill & Partners
   w. Stifel
   x. Tennenbaum
   y. U.S. Bank
   z. Wealthforge Securities, LLC
   aa. Wedbush Securities
   bb. Xenith Bank

   Do you, or any relatives or close friends, know of any of these entities? Have you, or any relatives or close friends, worked in any job involving direct contact with these entities? Have you, or any relatives or close friends, had any experiences, positive or negative, with these entities? Do you have any knowledge or information about them that might affect your ability to be a fair and impartial juror in this case?

11. As you look around this room, do you recognize anyone?

### III. Issues Relating to Subject Matter of this Case

12. During this trial, I expect you will hear evidence regarding the defendant's role as the founder and chief executive officer of Live Well, a private company involved in originating, servicing, and securitizing Home Equity Conversion Mortgages, also known as "reverse mortgages." I expect you will hear evidence that Live Well acquired a portfolio of bonds. Each of the bonds, which were known as HECM IO bonds, entitled the bond holder to receive a portion of interest payments from a particular pool of reverse mortgages. Live Well financed the acquisition and growth of the portfolio through a series of loans in which Live Well used the bond portfolio as collateral. Have you, or any relatives or close friends, ever worked in the reverse mortgage industry? If so, might your experience, or theirs, affect your ability to be a fair and impartial juror in this case?

13. Have you, or any relatives or close friends, ever invested in mortgage-backed securities? Might that experience as an investor in mortgage-backed securities affect your ability to be a fair and impartial juror in this case?

14. Is there anything about your own investment experience, the investment experience of your relatives or close friends, or your views on the securities industry more broadly, that might affect your ability to be a fair and impartial juror in this case?

15. In this case, I expect there will be investment and finance-related testimony. Do you have any particular knowledge of these subjects through education, work, personal experience, or otherwise?

16. As I noted earlier, the Government alleges that Mr. Hild committed and/or conspired to commit securities fraud, wire fraud, and bank fraud. He denies these allegations. Might the fact that the charges involve fraud make it difficult for you to render a fair and impartial verdict?

17. Have you, or any relatives or close friends, had any connection to some kind of fraud offense, be it as a victim, witness, or otherwise?

### IV. Experience with Legal System

18. Are you, or any relatives or close friends, a lawyer or otherwise trained in the law?

19. Do you, or any relatives or close friends, work in law enforcement? In what capacity?

20. I asked specifically about the U.S. Attorney's Office and the FBI earlier. Do you, or any relatives or close friends, have any association—professional, business, or social, direct or indirect—with any other law enforcement or regulatory agency, including but not limited to the Securities and Exchange Commission ("SEC")?

21. Have you, or any relatives or close friends, had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to fairly evaluate this case?

22. Have you, or any relatives or close friends, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of its departments, agencies, or employees? Have you, or any relatives or close friends, had any legal, financial, or other interest in the outcome of such a dispute? Have you, or any relatives or close friends, had such a dispute concerning money owed by the Government or owed to the Government?

23. Have you, or any relatives or close friends,—either through any experience you have had or anything you have seen or read—developed any strong feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI, or the SEC?

24. Have you, or any relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any relatives or close friends, been questioned in any matter by a law enforcement agency?

25. Have you, or any relatives or close friends, ever been a witness or a complainant in any hearing or trial?

26. Are you, or any relatives or close friends, now under subpoena, or to your knowledge, about to be subpoenaed in any case?

27. Have you, or any relatives or close friends, ever been charged with a crime?

28. Have you, or any relatives or close friends, ever been a victim of a crime?

## V. Prior Jury Service and Lawsuits

29. Have you ever been a juror in a criminal or civil case, state or federal? If so, please state whether each case was in state or federal court, whether it was a

criminal or civil matter, and, without telling me what the verdict was, whether a verdict was reached. Might that experience affect your ability to be a fair and impartial juror in this case?

30. Have you ever served as a grand juror, state or federal? If so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard. Recognizing that there is a different standard of proof in the grand jury, might that experience affect your ability to be a fair and impartial juror in this case?

31. Have you ever been a plaintiff or a defendant in a lawsuit, meaning have you ever sued someone or been sued? If so, what was the nature of the allegations? Might that experience affect your ability to be a fair and impartial juror in this case?

## VI. Evidence and Witnesses

32. The witnesses in this case may include, among others, agents of the FBI or the SEC. Might you be more likely to believe or disbelieve a witness merely because that person is a law enforcement officer or government employee?

33. I will instruct you that you are to give any witness called by the government and any witness called by the defense no greater or lesser weight simply because they are called by the government or by the defense. Might you have any difficulty following my instructions on the law in this regard?

34. You may hear testimony in this case from accomplice or cooperating witnesses, that is, witnesses who were previously involved in illegal activity, but who have pled guilty to various crimes or are testifying pursuant to agreements with the Government. I instruct you that the use of such witnesses is perfectly legal and is often a necessary law enforcement tool. Do you have any experience with or feelings about the use of accomplice witnesses or cooperation agreements by the Government, or the use of evidence or information obtained from such witnesses or agreements, which might make it difficult for you to render a fair and impartial verdict?

35. Under our Constitution, a defendant does not have to testify, because the burden of proof remains with the Government at all times. If a defendant does not testify, the jury may not draw any unfavorable inference against the defendant based on that decision. That fact cannot enter at all into the jury's deliberations. Might you have any difficulty following my instructions on the law in this regard? Do you have any problem with the legal principle that the burden of proof in a criminal case rests solely on the government?

36. In addition, under our Constitution, a defendant is under no obligation to present any evidence or case on his own behalf. It is the government that must prove its case beyond a reasonable doubt. If a defendant elects not to present any evidence, the jury cannot draw any adverse inference against him based on that decision. That fact cannot enter at all into the jury's deliberations in any way. Might you have any difficulty following my instructions on the law in this regard?

VII. **Function of the Court and Jury**

37. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. Might you have any difficulty following my instructions on the law in this regard?

38. The question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty. Might you have any difficulty following my instructions on the law in this regard?

39. Sympathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged. Might you have any difficulty following my instructions on the law in this regard?

40. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Even if the evidence established a defendant's guilt beyond a reasonable doubt, might you have difficulty rendering a guilty verdict for reasons unrelated to the law and the evidence?

41. If the government fails to prove a defendant's guilt beyond a reasonable doubt, is there any reason that you could not render a verdict of not guilty?

42. Do you believe that our system of criminal justice improperly favors anyone?

43. Do you have any religious, philosophical, or other beliefs that would make you unable to render a verdict for reasons unrelated to the evidence or the Court's instructions?

44. I don't know if the case will generate any publicity, but if it does, is there any reason that you would not accept the proposition that you should absolutely avoid reading about this case in the newspapers or on the Internet or listening to any radio or television reports concerning the case until after it is over?

45. I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror.  Aside from the previous questions I have asked, do you have any doubt, for any reason, about your ability to be a fair and impartial juror in this case?

## VIII. Difficulties in Understanding or Serving

46. This trial is expected to last approximately two to three weeks. The jury will typically sit from 10:15 a.m. to 4:15 p.m. Mondays through Fridays.  Is there any significant hardship that would prevent you from serving as a juror for that period of time?

47. Do you have any physical problem, disability, medical issue, or other personal or emotional hardship that may prevent you from giving full attention to all of the evidence at this trial?

48. Do you have problems with your hearing or vision which might interfere with your ability to serve on the jury in this case?

49. Are you taking any medication that might prevent you from giving full attention to all of the evidence at this trial?

50. Do you have any difficulty in reading or understanding English?

51. Is there any other reason why you may not be able to give your full attention to the trial, or serve responsibly as a juror?

## IX. Questions for Individual Jurors

1. Where were you born?

2. Without mentioning your exact address, what neighborhood do you live in? How long have you lived there?

3. Do you rent or own your home?

4. How far did you go in school and what did you study?

5. If you are employed, who is your employer? What is your occupation? How long have you been employed by that employer? If retired or unemployed, for whom did you last work and when did you work for them?

6. If you have a significant other, what is their occupation? How long have they been employed by their most recent employer?

7. If you have working children, what are their occupations? How long have they been employed by their most recent employer?

8. How do you get your news?

9. What, if anything, do you enjoy reading?

10. What television shows, if any, do you typically watch?

11. Do you listen to talk radio or Podcasts? If so, what stations or programs?

12. Do you regularly visit any websites or utilize social media? If so, which?

13. Are you a member of any organizations, clubs, associations, or unions, or do you volunteer your time?

14. What do you like to do in your spare time?

15. Name a public person—other than a friend or relative—dead of alive, who you admire.

16. Aside from the questions that have already been asked, is there anything else you believe that this Court or any of the parties might want to know in deciding whether you should be selected to serve as a juror in this case?