# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
212-880-9536

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER
JACOB W. MERMELSTEIN
BRENT M. TUNIS

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

July 13, 2021

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Application granted.

SO ORDERED.

_[signature]_

Ronnie Abrams, U.S.D.J.
July 13, 2021

Re:   United States v. Michael Hild, 19 Cr. 602 (RA)

Dear Judge Abrams:

By Order dated May 12, 2021, this Court set a deadline of July 27, 2021, for defendant Michael Hild's post-trial motions. I am writing respectfully to request that the Court grant us leave to file a single combined brief of no more than 50 pages addressing Mr. Hild's motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. I have spoken with AUSA Scott Hartman, who informed me that the government consents to this request.

Mr. Hild's trial commenced on April 13 and ended on April 30 when the jury returned a guilty verdict. Mr. Hild expects to move pursuant to Rule 29 for a judgment of acquittal on multiple grounds including that the evidence was insufficient to prove either (i) material misrepresentations, or (ii) Mr. Hild's intent to defraud. In the alternative, Mr. Hild expects to move for a new trial pursuant to Rule 33 on multiple grounds including but not limited to the following: (i) trial counsel was laboring under a serious, unexplored, and un-waived conflict of interest, (ii) trial counsel was ineffective, (iii) the jury's verdict was against the weight of the evidence, (iv) the government elicited improper and highly prejudicial opinion testimony from lay witnesses, and (v) there was an improper constructive amendment of the indictment and prejudicial variance when the government shifted its theory from one grounded in material misrepresentations to one grounded in material omissions.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Hon. Ronnie Abrams
July 13, 2021
Page 2 of 2

      Developing these arguments has required considerable analysis of the facts presented during Mr. Hild's lengthy trial, including a review of the 2,329-page trial transcript and the numerous trial exhibits. We are sensitive to the need for briefs to be as short as possible, and have worked to pare down Mr. Hild's post-trial motions brief. Nonetheless, it is important that we are able to present fully each of Mr. Hild's arguments in support of each of our motions, and to cut the brief further would risk jettisoning facts and arguments that are indispensable to our positions and that we believe will assist the Court in resolving the issues presented.

      I thank the Court for its consideration.

      Respectfully submitted,
      /s
      Brian A. Jacobs

cc:    Assistant U.S. Attorneys Jordan Estes and Scott Hartman (by ECF)