UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL HILD,

              Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    The Government's motion to permit Defendant's prior counsel to provide statements responding to the allegations of ineffective assistance is hereby GRANTED. Dkt. 106. By separate order, the Court will sign and docket the Government's proposed order on the matter. *See id*.

    The Court understands Defendant's opposition to this motion to be grounded in his contention that his prior counsel's affidavits will contain only "novel justifications" and "after-the-fact rationales" for their conduct during trial that will not be useful to determining whether a conflict of interest caused them to forgo an alternative trial strategy. Dkt. 111 at 1–2. The Court disagrees. As the Government rightly notes, affidavits from Defendant's prior counsel may be helpful to determining not only "(1) whether the defendant was in fact aware of the facts that he claims were withheld from him [and] (2) whether prior counsel in fact labored under an actual conflict of interest," but also "(3) whether any conflict caused prior counsel to forgo an alternative trial strategy," Dkt. 110; *see also Armienti v. United States*, 234 F.3d 820, 825 (2d Cir. 2000) (noting that the district court should have held an evidentiary hearing "to determine whether there was an actual conflict of interest and, if so, whether the conflict adversely affected his lawyer's performance"). The Second Circuit's decision in *United States v. Malpiedi*, 62 F.3d 465 (2d Cir. 1995), on which Defendant relies, is easily distinguishable. In *Malpiedi*, an actual conflict of interest plainly existed, and as a result, the court precluded the

defendant's lawyer from pursuing a certain litigation strategy, rendering immaterial his "after-the fact testimony" about the wisdom of that strategy. *See id*. at 470.  In cases where an actual conflict of interest is alleged but is not as "clear[]" as it was in *Malpiedi*, *id*., courts routinely hold evidentiary hearings or otherwise expand the record through "letters, documentary evidence, and, in an appropriate case, even affidavits."  *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001); *United States v. Stantini*, 85 F.3d 9, 17 (2d Cir. 1996); *Mittal v. United States*, 02-CV-8449 (JGK), 2005 U.S. Dist LEXIS 17978, 2005 WL 2036023, at *14 (S.D.N.Y. Aug. 24, 2005).  The Court will do so here.

Defendant also requests that the Court order the Government to "disclose . . . any 'information' not previously disclosed on which the government is relying . . . including all past communications with prior counsel, if any, regarding the issues raised in defense counsel's post-trial motions, such as emails, text messages, and notes from telephone calls."  Dkt. 111.  The Court has previously issued an order confirming the Government's obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  *See* Dkt. 34.  The Court presumes that the Government remains well aware of these obligations and has, and will continue to, comply with them fully.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 106, 108 and 111.

SO ORDERED.

Dated:   August 3, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge