## MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9536
bjacobs@maglaw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU
CURTIS B. LEITNER

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

August 12, 2022

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

        Re: <u>United States v. Michael Hild</u>, 19 Cr. 602 (RA) (S.D.N.Y.)

Dear Judge Abrams:

      I am counsel for defendant Michael Hild. I write to respond to the government's letter dated August 9, 2022. (Dkt. 137 ("8/9 Letter")). Over the past eleven months, the defense has written numerous letters to the Court detailing many reasons—in addition to those presented in its moving papers—that Benjamin Dusing is not credible, including examples of his threats to kill a court employee and opposing counsel, findings by other courts that Mr. Dusing is not credible, and decisions by two state supreme courts to suspend temporarily Mr. Dusing's license to practice law. (*See, e.g.*, Dkts. 121, 124, 125, 127, 129-5, 129-6, 135, 136.) The government has largely failed to respond to these letters in any substantive manner, but nevertheless has argued that this Court should credit Mr. Dusing's affidavit in this action. After ignoring Mr. Dusing's misconduct and credibility issues for nearly a year, the government now asserts, in the 8/9 Letter, that a handful of Twitter posts warrants a determination that Mr. Hild is not credible—but again remains silent as to Mr. Dusing.

      First, the government asserts that it is "significant" and "telling[]" that the Kentucky Bar Association Inquiry Commission's charges against Mr. Dusing that were the subject of my July 29 letter (Dkt. 136) did not include the allegations made in Mr. Hild's bar complaint, as did the Inquiry Commission's initial charges. (8/9 Letter at 1.) The government misunderstands the facts. Had the government consulted with defense counsel or the Inquiry Commission before filing its letter, it would have learned that, consistent with Kentucky law and common practice, the Inquiry Commission placed Mr. Hild's bar complaints in abeyance due to ongoing civil

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

litigation Mr. Hild brought against Mr. Dusing and Ms. Lawrence.[1]  Kentucky law permits the Inquiry Commission to defer disciplinary proceedings where there is pending civil litigation involving similar allegations against the respondent, *see* Ky. SCR 3.180(2), as is the case here. Therefore, the absence of Mr. Hild's allegations from the latest charges filed by the Inquiry Commission does not undermine Mr. Hild's claims here.  Rather, the charges provide even further reason to not credit Mr. Dusing's affidavit and grant Mr. Hild's motions here.  (*See* Dkt. 136.)

Second, the government references several Twitter posts it asserts were made by Mr. Hild.  These posts do not amount to a "patent effort to harass" Mr. Dusing, Ms. Lawrence, and others, as the government claims.  (8/9 Letter at 2.)  For example, the government cites two Twitter posts referencing arson that were made "after local news reports reported that there had been a fire at Dusing's home," which the government characterizes as a "clear attempt to impugn Dusing's reputation and accuse him without basis of committing a crime."  (8/9 Letter at 4–5.) But the government glosses over the context for these posts—that local news reported that arson investigators were looking into the fire at Mr. Dusing's home and Mr. Dusing had publicly commented on the arson investigation in a Facebook post.  *See, e.g.*, Megan Goth, *Arson Team Responds to 'Suspicious' Fire at NKY Attorney Ben Dusing's Home*, LINK NKY (July 27, 2022);[2] *see also* Felicia Jordan & Dan Monk, *Home of Suspended Northern Kentucky Attorney Ben Dusing Damaged in Wednesday Fire*, WCPO (July 14, 2022).[3]  In a Facebook post the day before the second Twitter post cited by the government (8/9 Letter at 4), Mr. Dusing defended himself against suspicions that he "started the fire."  Benjamin Dusing, Facebook (July 27, 2022).[4]  For the government to suggest that these issues originated in a vacuum from Mr. Hild ignores they had been publicly reported and discussed by Mr. Dusing himself.

Regarding the other referenced Twitter posts the government characterizes as "target[ing]" those "associated with Dusing's law practice, who are potential witnesses to the conflict-of-interest issues in the Rule 29/33 litigation" (8/9 Letter at 2–3), the allegations in the Twitter posts are largely consistent with those made in Mr. Hild's post-trial motion, civil case, and related filings—Mr. Dusing and his team operated under an actual conflict of interest in representing Mr. Hild at trial here and have been untruthful in describing that conflict, and Mr.

---

[1] On March 17, 2022, Mr. Hild and his wife filed a complaint against Mr. Dusing, Ms. Lawrence, and Mr. Dusing's law firm, alleging that Mr. Dusing and his firm breached their fiduciary duties and committed fraud.  *See* Compl., *Hild v. Dusing*, Civil Action No. 22-CI-405 (Kenton Cir. Ct., KY) (filed Mar. 17, 2022).  As with the bar complaint, Mr. Hild alleged that Mr. Dusing had an actual conflict of interest in his representation of Mr. Hild, solicited his representation, fraudulently billed his client, and used amphetamines during Mr. Hild's trial.  *Id.*
[2] https://linknky.com/news/2022/07/27/arson-team-responds-to-suspicious-fire-at-nky-attorney-ben-dusings-home/
[3] https://www.wcpo.com/news/local-news/kenton-county/home-of-suspended-northern-kentucky-attorney-ben-dusing-damaged-in-wednesday-blaze
[4] https://www.facebook.com/100005928908054/posts/pfbid02MWqZeR8yD2Z526HFmbdp9Mb8epZEsJzU7AdNhWaXJtvED2jQtEjXWfPKm4fkuE7cl/?d=n

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Dusing's firm improperly billed Mr. Hild. Even if phrased in a colorful manner, these posts do not undermine Mr. Hild's credibility or dissuade any potential witnesses from providing testimony in connection with Mr. Hild's post-trial motion. (To the contrary, Mr. Hild has requested that the Court hold an evidentiary hearing to test the credibility of witnesses, if it does not grant his motions outright.)

By comparison, Mr. Dusing has gone so far as to threaten to kill a potential witness: In the affidavit from Mr. Dusing that the government filed with this Court, Mr. Dusing names Stephanie Dietz, the opposing counsel in one of his family court litigations that conflicted with his representation of Mr. Hild at trial, more than 50 times, accusing her of corrupting his family court trial and interfering with his relationship with Mr. Hild. (*See, e.g.*, Dkt. 118-1 ¶¶ 27–28, 35.) As I have noted in previous letters, Mr. Dusing's threats to kill Ms. Dietz led the Supreme Courts of Kentucky and Ohio to temporarily suspend his law license. (*See* Dkts. 124, 125.)

Additionally, the Ohio Disciplinary Counsel noted that Mr. Dusing, or someone operating at his direction, has threatened Mr. Hild through pseudonymous Twitter posts, "suggesting that [Mr. Hild] 'put a bullet in his brain' or illegally flee the country to escape his pending criminal charges." (Dkt. No. 125-2 at 20.) Based on this and other evidence, the Ohio Disciplinary Counsel asserted that Mr. Dusing posed a substantial threat of serious harm to the public. (*Id.*) The Supreme Court of Ohio agreed and entered an interim remedial suspension order immediately suspending Mr. Dusing from the practice of law. (Dkt. No. 125-1.) Yet the government has apparently not investigated this other conduct and whether such posts undermine Mr. Dusing's credibility, focusing its efforts exclusively on Mr. Hild.

It is remarkable that the government would see fit to challenge Mr. Hild's credibility based on the Twitter posts cited in the 8/9 Letter, even as the government has brazenly asked the Court to credit Mr. Dusing (4/29/2022 Tr. 27) notwithstanding Mr. Dusing's publication of far more troubling social media content and his own (apparently baseless) accusations that others have committed crimes. Mr. Dusing dedicated much of his affidavit in this action to accusing a court employee and opposing counsel of corrupting his family court litigation in Kentucky. (*See* Dkt. 118-1 at 12–27 (Mr. Dusing alleging that he reported "rampant" "procedure abnormalities" of the Kentucky court to the FBI and accusing opposing counsel in Kentucky of a "a felony violation of criminal law of the Commonwealth of Kentucky, in my view").)

Earlier this year, Mr. Dusing also wrote a memorandum to the FBI (produced to the defense by the government) in which he claimed that "[a]ctors associated with" the Kentucky court "are engaging in pattern of systematic corruption." (Ex. A at 1.) In the same memorandum, Mr. Dusing claimed without any apparent basis that he had "serious concerns that Mr. Hild will travel to Kentucky to take my life (and potentially Katy's) before he takes his own," and that he had "communicated these concerns to the AUSAs in this action." (Ex. A at 5.) It appears that the government itself did not credit Mr. Dusing's claims—Mr. Dusing notes in his memorandum that he had been attempting to schedule a follow-up meeting with an FBI special agent for several months, "but for unknown reasons he has not responded." (Ex. A at 3, 4.) This is for good reason. Last month, the Kentucky Bar Association Inquiry Commission charged Mr. Dusing with multiple disciplinary violations, including making statements known to be false or

3

Morvillo Abramowitz Grand Iason & Anello P.C.

with reckless disregard as to their truth and "present[ing] . . . or threaten[ing] to present criminal or disciplinary charges solely to obtain an advantage in any civil or criminal matter" by referring (or claiming to refer) the presiding judge and opposing counsel to the Kentucky Bar and law enforcement for investigation. (*See* Dkt. 136 at 2–3.) To the extent Mr. Dusing himself has made what appear to be baseless accusations, including possibly to the government in this action, that further undermines his credibility.

On the whole, the Twitter posts cited by the government in its letter earlier this week bear no resemblance to the social media and other materials Mr. Dusing has issued over the past year, and the government's silence as to those materials remains telling. Because Mr. Dusing's affidavit should not be credited, the Court should grant Mr. Hild's motion for a new trial. The government's 8/9 Letter once again ignores this central issue.

> Respectfully submitted,
>
> /s/ Brian A. Jacobs
>
> Brian A. Jacobs

cc: Assistant U.S. Attorneys Jordan Estes and Scott Hartman (by ECF)