# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9536
bjacobs@maglw.com

SENIOR COUNSEL
PAUL R. GRAND

COUNSEL
JASMINE JUTEAU

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT

September 30, 2022

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

Re: <u>United States v. Michael Hild</u>, 19 Cr. 602 (RA) (S.D.N.Y.)

Dear Judge Abrams:

I am counsel for defendant Michael Hild. I write to update the Court with information revealed yesterday in a filing by the Ohio Disciplinary Counsel that further demonstrates why this Court cannot credit Mr. Hild's prior counsel, Benjamin Dusing, and should grant Mr. Hild's post-trial motions.

In yesterday's filing, the Ohio Disciplinary Counsel revealed that it had investigated a series of Twitter posts threatening Mr. Hild, and publicly explained how the investigation has now linked those threatening posts directly to a paralegal in Mr. Dusing's law office. In prior letters to this Court dated March 2 and August 12, 2022, I had noted the possibility that these threatening Twitter posts may be traced back to Mr. Dusing. In particular, I wrote that the Ohio Disciplinary Counsel had asserted in moving to suspend Mr. Dusing's law license that Mr. Hild "has been subject to threatening statements from a Twitter account that 'appears to be run by'" Mr. Dusing "'or someone acting under his direction.'" (Dkt. 125 at 2 (quoting Relator's Mot. for an Immediate Interim Remedial Suspension at 17, *Disciplinary Counsel v. Dusing*, No. 22-0209 (Ohio, Feb. 25, 2022); *see also* Dkt. 128 at 3 (same).) Now, thanks to the diligent investigation by the Ohio Disciplinary Counsel (and despite the lack of any effort by the government in the present case to confirm its own witness's credibility), the facts clearly establish that a member of Mr. Dusing's law office was behind the efforts to threaten Mr. Hild in advance of oral argument in this Court on Mr. Hild's motions earlier this year.

Morvillo Abramowitz Grand Iason & Anello P.C.

By way of background, this Court had originally scheduled oral argument on Mr. Hild's motions for March 8, 2022. In the weeks before that scheduled oral argument before Your Honor,[1] a Twitter account in the name of "David Zeigler" suggested that Mr. Hild would only have "three options" after the oral argument on March 8, which was a veiled reference to a prior conversation between Mr. Hild and Mr. Dusing in which two of the three options were to "put a bullet in his brain" or illegally flee the country. (*Id.*) The Twitter account addressed Mr. Hild directly (as "#PrisonMike") and, in another apparent reference to these "three options," posted, "after your 3/8 motion is denied u know what you gotta do right?" (*Id.*) In its latest filing with the Supreme Court of Ohio, the Ohio Disciplinary Counsel confirmed:

> ***[T]he Twitter account is traced back to Tracy Gragston, [Mr. Dusing's] paralegal***. Relator [the Ohio Disciplinary Counsel] subpoenaed Twitter to obtain records relating to any identifying information used to create the 'David Zeigler' account. In its response, Twitter provided a phone number associated with the account. Ex. 8. . . . Tracy Gragston is identified as the subscriber [for that phone number]. . . . ***[Mr. Dusing] is now linked by documentary evidence to the account which has made multiple threats to his client***, opposing counsel, and others involved in this case as well as other matters.

Relator's Mem. In Opp. to Respondent's Mot. for Dissolution of Interim Remedial Suspension at 9, *Disciplinary Counsel v. Dusing*, No. 22-0209 (Ohio, Sept. 29, 2022) (emphasis added) (enclosed as Exhibit A).

In addition to threatening Mr. Hild, the Twitter account that is now confirmed to be linked to Mr. Dusing's office also characterized the hearing before Your Honor on Mr. Hild's post-trial motions as a "formality." The Twitter account tagged Mr. Hild (and the undersigned counsel's law firm) in a post and wrote, "#PrisonMike kiss [your wife] b4 they lock u up in cage 4 the rest of your life . . . 3/8 is a formality pack your footlocker! . . . #life." (Ex. B at 2.). In another post, the same Twitter account posted, "Don't blame Ben [Dusing] for anything. . . That's why you're only getting an hour for oral argument on March 8." (Ex. B at 3.) The Twitter account connected to Mr. Dusing also posted a portion of Mr. Dusing's affidavit in this action and wrote, "You're F***ED on March 8. Say[] hi to [Mr. Hild's wife] for me 🤣 #Fraud." (Ex. B at 4.) In a follow-up post, the Twitter account wrote, "Michael . . . u need to relax and man up for March 8 cuz you're looking at LIFE 🤣." (Ex. B at 5.)

In my August 12 letter this Court, I had noted that the government had seemingly ignored the serious issues undermining Mr. Dusing's credibility, including the allegation that he (or

---

[1] The Court rescheduled the oral argument from March 8 to April 29, 2022. (*See* Dkt. 126.)

2

Morvillo Abramowitz Grand Iason & Anello P.C.

someone acting on his behalf) had threatened Mr. Hild through this same "David Zeigler" Twitter account. (Dkt. 138 at 3.) Instead of investigating these threats, the government focused its investigative efforts exclusively on undermining Mr. Hild. In its letter dated August 9, 2022, the government asserted that Mr. Hild's allegations regarding Mr. Dusing should not be credited because Mr. Hild "is responsible for an anonymous Twitter account" used to "harass" Mr. Dusing and others. (Dkt. 137 at 1.) By the government's own logic, in light of the information in yesterday's filing linking Mr. Dusing's law office to Twitter posts threatening Mr. Hild, Mr. Dusing is not credible, and the government's opposition to Mr. Hild's motions—which depends on Mr. Dusing's credibility—fails as well.[2]

Time and time again, Mr. Dusing has shown that he is not credible. In this action, Mr. Dusing filed an affidavit that is incredible on its face and contradicted by other evidence, including sworn testimony from a potential expert witness. (*See* Reply Br. 10–13; Dkts. 120-1 & 120-2.) In a Facebook video pertaining to the litigation that distracted Mr. Dusing from Mr. Hild's trial, Mr. Dusing threatened opposing counsel and a court employee that he would "blow your assess up" and "bring[] the wrath of mother****ing God down on both of you guys." (*See* Dkt. 129-6 at 4.) Based in part on this misconduct, the Supreme Courts of Kentucky and Ohio suspended Mr. Dusing's license to practice law. (*See* Dkts. 124 & 125.) Before that, other courts found that Mr. Dusing was not credible. One judge in Kentucky found that Mr. Dusing's claims of "ongoing incapacity [due to Covid-19] are not credible," noted at another time that his "credibility is in question," and repeatedly sanctioned Mr. Dusing and Ms. Lawrence for submitting motions that had "no factual support in the record" and that "were not factually true." (*See* Reply Br. at 15 n.8.) That same judge recognized his "notable concerns as to [Mr. Dusing's] veracity in statements to the court, . . . including situations where he actively misrepresented facts to the court." (*See* Dkt. 127 at 2.) Another judge found that Mr. Dusing "has proven an unreliable witness as to his own actions" and noted "the court's inability to trust [Mr. Dusing's] recollection of events." (*See* Dkt. 127 at 1.) One expert witness retained by Mr. Dusing testified that Mr. Dusing attempted (through counsel) to bribe him to change his report. (Dkt. 125 at 2.)

As the Ohio Disciplinary Counsel concluded yesterday's filing:

[Mr. Dusing] is asking this court to believe that no one is credible but himself and that he has been unjustly wronged by many. To believe [Mr. Dusing], this court

---

[2] The government's opposition is centered on Mr. Dusing's affidavit, and therefore, dependent on his credibility. (*See, e.g.*, Opp. at 25, 28, 31 (quoting Mr. Dusing's affidavit to respond to Mr. Hild's motion for a new trial); *see also* Opp. at 32 (urging that no evidentiary hearing is necessary because the Court "has the benefit of the lengthy affidavits submitted by Mr. Dusing and Ms. Lawrence).)

Morvillo Abramowitz Grand Iason & Anello P.C.

>would have to disbelieve video evidence, transcript evidence, court orders, and multiple witnesses.

(Ex. A at 11.)  The confirmation in yesterday's filing that a Twitter account registered to a former employee of Mr. Dusing's law firm has targeted Mr. Hild with threatening posts in advance of oral argument in this Court adds to the litany of examples demonstrating that Mr. Dusing's word cannot be relied upon.

The government should renounce its reliance on Mr. Dusing's affidavit, which was the primary basis of its opposition to Mr. Hild's motion for a new trial.  (*See* 4/29/2022 Tr. 27 (representing to the Court that "Mr. Dusing's affidavit is credible").)  In any case, to the extent the Court does not grant Mr. Hild's separate Rule 29 motion for an acquittal, the Court should find for all the reasons in this letter and in prior filings that Mr. Dusing is not credible and grant Mr. Hild's motion for a new trial.

Respectfully submitted,

/s/ Brian A. Jacobs

Brian A. Jacobs

cc:  Assistant U.S. Attorneys Jordan Estes and Scott Hartman (by ECF)

Enclosures (Ex. A without exhibits)