UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　v.<br><br>MICHAEL HILD,<br><br>　　　　　　　Defendant. | No. 19-cr-602 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

　　Defendant Hild is scheduled to be sentenced by this Court on January 27, 2023. By letter dated December 28, 2022, his counsel "ask[s] that the Court address whether possible conflicts in this case should have led this Court to disqualify itself pursuant to Section 455, Title 28, United States Code," and whether it should recuse itself for purposes of sentencing. Dkt. 141. Without citing any caselaw, Hild suggests that recusal is appropriate because the law firm of Davis Polk & Wardwell LLP, at which my husband is a partner, appears to have represented parties whose interests are "potentially adverse" to Hild. *Id*. at 2. Specifically, it lists Davis Polk's representations of Mizuho Bank and Industrial and Commercial Bank of China Limited (ICBC)—two of numerous victims of Hild's fraud—and Intercontinental Exchange—the owner of Interactive Data Corp. (IDC), which the government contended Hild "controlled" to perpetrate his fraud—as requiring recusal in this action.

　　The Court was unaware of these representations until the filing of Hild's letter, and my husband has had no involvement with any representation of these clients. For the reasons set forth below, and based on longstanding interpretations of Section 455 by both the Second Circuit and the Advisory Committee on Judicial Ethics, the Court declines to recuse itself from this action.

A judge should recuse herself where "[s]he knows that [s]he, individually or as a fiduciary, or h[er] spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. §§ 455(b)(4), (b)(5)(iii).  Interpreting this statute, the Second Circuit has remarked that "[i]t would simply be unrealistic to assume . . . that partners in today's law firms invariably 'have an interest that could be substantially affected by the outcome of' any case in which any other partner is involved." *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 83–84 (2d Cir. 1996).  Similarly, the Advisory Committee on Judicial Ethics has advised that "judges generally are not required to recuse from cases involving a current client of a spouse or a spouse's business if the spouse is not then personally engaged in work for that client," reasoning that the "spouse's connection to such a client is indirect and attenuated, and absent other factors a reasonable person would not question the judge's impartiality if the client appeared before the judge in an unrelated proceeding." Advisory Comm. on Jud. Ethics, Advisory Op. No. 107 (2009); *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988) (observing that "where an interest is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality" and collecting cases).

Courts in this district have thus regularly declined to recuse themselves from proceedings wherein partners at a spouse's law firm have represented an interested party. *See, e.g., Couri v. Pavia*, No. 19-cv-5436, 2019 WL 3553357, at *3 (S.D.N.Y. Aug. 5, 2019) (denying recusal motion where the Court's husband was a partner at the law firm Proskauer Rose LLP, to which plaintiff claimed to be an "adversary"); *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, No. 97-cv-5499, 2003 WL 282187, at *5–7 (S.D.N.Y. Feb. 7, 2003) (denying recusal motion where the Court's husband was a partner at the law firm Cahill Gordon & Reindel, which represented

interested parties); *see also Gench v. Hostgator.com, LLC*, No. 14-cv-3592, 2015 WL 4579147, at *2 (S.D.N.Y. July 29, 2015) (this Court denying recusal motion where partners at Davis Polk may have represented an interested party in an unrelated matter).  Accordingly, the Court concludes that recusal in this matter is unnecessary.

SO ORDERED.

Dated:     January 3, 2023
           New York, New York

                                              Hon. Ronnie Abrams
                                              United States District Judge