|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 01/31/2023 |

UNITED STATES OF AMERICA,

v.

MICHAEL HILD,

            Defendant.

No. 19-CR-602 (RA)

**PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/MONEY JUDGMENT**

RONNIE ABRAMS, United States District Judge:

      WHEREAS, on or about August. 26, 2019, MICHAEL HILD, (the "Defendant"), was charged in a five-count Indictment, 19 Cr. 602 (RA) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section (Count One); conspiracy to commit wire and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Three); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Four); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Five);

      WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment;

WHEREAS, on or about August 29, 2019, the Government filed a Bill of Particulars (D.E. 7) providing notice that certain property was subject to forfeiture as a result of the offenses charged in the Indictment, including but not limited to the following assets:[1]

    a. All right, title, and interest in 1920 Bainbridge Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    b. All right, title, and interest in 1922 Bainbridge Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    c. All right, title, and interest in 2000 Bainbridge Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    d. All right, title, and interest in 1803 Boston Avenue, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    e. All right, title, and interest in 2100 Chicago Avenue, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    f. All right, title, and interest in 1214 Decatur Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    g. All right, title, and interest in 1219 Decatur Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    h. All right, title, and interest in 1806 Everett Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    i. All right, title, and interest in 1518 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    j. All right, title, and interest in 1901 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    k. All right, title, and interest in 2005 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon;

    l. All right, title, and interest in 1804 Stockton Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon; and

    m. All right, title, and interest in 1806 Stockton Street, Richmond, VA, with all

---

[1] The Bill of Particulars listed other properties that were sold prior to the filing of the Indictment.

       improvements, appurtenances, and attachments thereon;

    n. All right, title, and interest in 1201 Decatur Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon, (the "1201 Decatur Street Property");

    o. All right, title, and interest in 1228 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1228 Hull Street Property");

    p. All right, title, and interest in 1427 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1427 Hull Street Property");

    q. All right, title, and interest in 1812 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1812 Hull Street Property");

    r. All right, title, and interest in 1814 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1814 Hull Street Property");

    s. All right, title, and interest in 1910 Hull Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1910 Hull Street Property");

    t. All right, title, and interest in 1703 Maury Street, Richmond, VA, with all improvements, appurtenances, and attachments thereon (the "1703 Maury Street Property");

(a. through m., collectively, the "Subject Properties");

WHEREAS, on or about December 12, 2019, the Court entered a Consent Order of Interlocutory Sale of Real Property (the "Consent Order") authorizing the sale of, *inter alia*, the following properties, the proceeds of which were to serve as a substitute res for the properties and to be deposited in an attorney trust account held by Whiteford, Taylor, & Preston LLP (the "Trust Account") (Dkt. 21):

    a. 1201 Decatur Street Property;

    b. 1228 Hull Street Property;

      c. 1427 Hull Street Property;

      d. 1812 Hull Street Property;

      e. 1814 Hull Street Property;

      f. 1910 Hull Street Property; and

      g. 1703 Maury Street Property;

WHEREAS, on or about April 30, 2021, the Defendant was found guilty, following a jury trial, of all counts of the Indictment;

WHEREAS, the 1201 Decatur Street Property was sold and the sale proceeds in the amount of $143,409.75 were deposited in the Trust Account (the "1201 Decatur Street Proceeds");

WHEREAS, the 1228 Hull Street Property was sold and the sale proceeds in the amount of $315,418.86 were deposited in the Trust Account (the "1228 Hull Street Proceeds");

WHEREAS, the 1427 Hull Street Property was sold and the sale proceeds in the amount of $421,141.25 were deposited in the Trust Account (the "1427 Hull Street Proceeds");

WHEREAS, the 1812 Hull Street Property and 1814 Hull Street Property were sold together, and the sale proceeds of both properties in the amount of $178,324.38 were deposited in the Trust Account (the "1812-1814 Hull Street Proceeds");

WHEREAS, the 1910 Hull Street Property was sold and the sale proceeds in the amount of $201,260.90 were deposited in the Trust Account (the "1910 Hull Street Proceeds");

WHEREAS, the 1703 Maury Street Property was sold and the sale proceeds in the amount of $25,592.64 were deposited in the Trust Account (the "1703 Maury Street Proceeds");

WHEREAS, the Government asserts that $22,606,752 in United States currency represents property, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A),

constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $22,606,752 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of all of the Defendant's right, title and interest in the 1201 Decatur Street Proceeds, the 1228 Hull Street Proceeds, the 1427 Hull Street Proceeds, the 1812-1814 Hull Street Proceeds, the 1910 Hull Street Proceeds, the 1703 Maury Street Proceeds, along with any interest earned sale proceeds in the Trust Account, and the Subject Properties (collectively, the "Specific Property), which constitute proceeds traceable to the commission of the offenses charged in Counts One through Five of the Indictment;

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Five of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $22,606,752 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Five of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Five of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MICHAEL HILD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
      January 31, 2023

SO ORDERED:

_____
Hon. Ronnie Abrams
United States District Judge