UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MICHAEL HILD,

Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/27/2023

No. 19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Following a fourteen-day jury trial, Defendant Michael Hild was convicted of committing securities fraud, wire fraud, and bank fraud, as well as conspiring to do so. The Court previously denied Hild's motions for a judgment of acquittal or, in the alternative, for a new trial, and Hild has filed a notice of appeal. At his sentencing on January 27, 2023, the Court reserved ruling on Hild's motion for bail pending the Second Circuit's decision on his appeal, and has now received submissions from the parties. Because the Court finds that each of the factors for release pending appeal are met, for the reasons set forth below, the motion is granted.

In *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985), the Second Circuit interpreted the Bail Reform Act, *see* 18 U.S.C. § 3143, *et seq.*, to find that district courts may grant bail pending appeal where they determine:

   (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

   (2) that the appeal is not for purpose of delay;

   (3) that the appeal raises a substantial question of law or fact; and

   (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

761 F.2d at 125. The *Randell* Court clarified that, although "read literally," the statute states that

a judicial officer must find that the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial," *id*. at 124 (quoting 18 U.S.C. § 3143(b)(2)), the Act "cannot reasonably be construed to require the district court to predict the probability of reversal," *id*. Rather, once a court finds that a "substantial question" of law is presented by the appeal—such as one that is "novel," or "which has not been decided by controlling precedent"—it then need only determine whether that question is "so integral to the merits of the conviction" that "a contrary holding is likely to require reversal of the conviction or a new trial." *Id*. at 125.  It is not necessary, in other words, for a court to find that "its own judgment is likely to be reversed." *Id*. at 124.

The first two *Randell* factors are plainly met here.  Hild is not a flight risk, nor a risk of danger to the community, as demonstrated by the Presentence Investigation Report, and the Court finds that his appeal has not been made solely for the purposes of delay.  Indeed, in its submission, the government does not contest the defense's position on either of the first two factors.

Hild has indicated that he anticipates arguing on appeal that his Rule 33 motion should have been granted based on his trial counsel, Benjamin Dusing, purportedly having an actual conflict of interest given his involvement with unrelated litigation in Kentucky during Hild's trial in New York.  Under Hild's theory, rather than viewing Dusing's alleged ineffectiveness through the familiar lens of *Strickland v. Washington*, 466 U.S. 668 (1984), the Court should have considered his involvement with the Kentucky litigation to be an "actual conflict," thus requiring review under the more lenient standard of *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

To be sure, the Court remains deeply troubled by Dusing's shocking and shameful behavior in connection with the Kentucky litigation, which even included threats of violence against opposing counsel and the court's staff, as well as the resulting professional sanctions levied against him in multiple jurisdictions.  And although the Court disagrees with the contention that the Kentucky litigation presented an "actual conflict" to be analyzed under *Cuyler*, as it noted in its

2

opinion denying Hild's posttrial motions, the issue does present a "challenging question at the intersection of the Sixth Amendment right to conflict-free counsel and the modern reality . . . that other obligations, personal and professional, inevitably arise, even when ensuring a fair trial for the accused." Dkt. 140, Opinion at 2; *see also id*. at 2, 39 (describing Hild as raising "a novel legal argument" and noting that there is "little relevant case law" directly considering the issue). The Court therefore concludes that Hild's appeal presents a "substantial question" under the third *Randell* factor.

Finally, under the fourth factor—although the Court remains assured of the reasoning adopted in its opinion—because the question presented by Hild on appeal is arguably "integral to the merits of the conviction," if the Second Circuit were to issue a "contrary appellate holding," such a decision would likely require reversal of the conviction or a new trial. *Randell*, 761 F.2d at 125; *see also United States v. Smilowitz*, 2019 WL 1493578, at *2 (S.D.N.Y. Apr. 4, 2019) (granting bail pending appeal while noting that "the Court stands by this ruling, and is confident the Circuit—if it decides to reach the question . . . will agree"); *United States v. Rittweger*, 2005 WL 3200901, at *4 (S.D.N.Y. Nov. 30, 2005) (granting bail pending appeal while reiterating that the decision being appealed "fits comfortably within the standards set by the Court of Appeals").

For the foregoing reasons, Hild's motion for bail pending appeal is granted. Hild shall be bound by the same conditions of bail previously set by this Court. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 152.

SO ORDERED.

Dated:   February 27, 2023
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge