UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

MICHAEL HILD,

Defendant.

No. 19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On March 13, 2024, Defendant Michael Hild filed an application to extend by one year the deadline by which he must file any motion for a new trial based on newly discovered evidence.

Under Federal Rule of Criminal Procedure 33(b)(1), "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). "Th[is] time limit[] w[as] expressly framed to resist ad hoc relaxation and, thus, may fairly be characterized as rigid." *United States v. Canova*, 412 F.3d 331, 345 (2d Cir. 2005) (cleaned up). Nonetheless, under Rule 45(b)(1), "the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed . . . time expires." Fed. R. Crim. P. 45(b)(1)(A).

Hild's current deadline to file any motion for a new trial based on newly discovered evidence is April 30, 2024. Although he "does not yet know whether he will file" another such motion, he seeks a one-year extension "to ensure that the deadline does not pass" while litigation that could affect his evaluation of new evidence is pending. The evidence to which he refers was produced in October 2023, December 2023, and January 2024 in connection with the Court's determination of his restitution obligations. The pending litigation that could purportedly affect his evaluation of this evidence appears to be unspecified sentencing issues and his Second Circuit appeal, which he does not expect to be decided "until at least November 2024."

Hild has not established that there is good cause to extend the April 30, 2024 deadline.

First, even though Hild has not yet decided whether to file another Rule 33 motion, he has been in possession of the new evidence for months—and has almost one more month before the filing deadline. Hild cites *United States v. Bout*, No. 08-CR-365, and *United States v. Corley*, No. 13-CR-48, in support of his request, but both cases are inapposite. In the former, the court granted a 30-day extension where defense counsel had not yet acquired purported new evidence. *See* Dkts. 112; 114. In the latter, the court granted an extension where a *pro se* defendant sought additional time "to compile all of the newly discovered evidence gathered and file a comprehensive motion." Dkt. 121; *see* Dkt. 124.

Second, Hild has failed to shed any light on how the resolution of his Second Circuit appeal would affect his evaluation of the new evidence such that there is good cause for an extension. It is similarly unclear how the Court's determination with regard to restitution would provide a basis for a renewed motion for a new trial. He therefore provides insufficient reason to disturb "the systemic interest in finality." *United States v. Zvi*, 965 F. Supp. 344, 347 (E.D.N.Y. 1997).

SO ORDERED.

Dated:   April 5, 2024
         New York, New York

                                          Ronnie Abrams
                                          United States District Judge