UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

MICHAEL HILD,

Defendant.

No. 19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On February 20, 2024, Magistrate Judge Parker issued a report and recommendation in which she recommended that the Court order Michael Hild to pay restitution in the amount of $46,455,594.00 to the victims of his offenses. As part of that restitution, Judge Parker recommended that Hild pay (1) $253,850.25 in professional fees and reimbursable expenses to the Bankruptcy Estate of Live Well Financial, Inc. ("Estate") and (2) $23,310 in legal expenses to Mirae Asset Securities ("Mirae"). R. & R. 13, 16–17, ECF No. 228.

On March 5, 2024, Hild objected to, among other things, the amount of restitution he owed the Estate for professional expenses, including the "many non-compensable expenses" listed in the Estate's billing records for expenses related to the production of documents to the SEC and to real estate and property matters. Def.'s Objs. 10 & n.12, ECF No. 229. The Government does not deny that the Estate's legal fees for unrelated real estate matters and the SEC investigation are non-compensable. Resp. to Def.'s Objs. 4, ECF No. 232. Instead, the Government asserts that "to the extent Hild argues that the estate's claim should be reduced to account for claimed expenses that were not incurred in connection with the criminal case, Hild should identify by how much he believes the claim is overstated" instead of "identif[ying] isolated time entries, as he has done." *Id.* The Government characterizes the Estate's over-inclusion of billing entries as "minor errors," which still allow the Court to arrive at a "reasonable estimate" of the Estate's losses. *Id.* The Court, however, has identified a significant number of billing entries for seemingly unrelated real estate matters and SEC-related legal work. *See* Hall Affirmation Exs. 1–3, ECF No. 212.

As to Judge Parker's recommendation regarding Mirae, Hild observed, in part, that many of the line items in the billing records were non-compensable. Similar to the Estate's records, the Court has identified a significant number of billing entries for SEC-related legal work and possibly other unrelated matters. *See* Troncoso Affirmatio Ex. D, ECF No. 219.

Accordingly, the Court hereby orders, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3), the Government, in coordination with the Estate and Mirae, to resubmit, no later than May 22, 2024, billing records with only "expenses incurred during participation in the [criminal] investigation or prosecution of the offense or attendance at proceedings related to the offense," 18 U.S.C. § 3663A(b)(4); *see Lagos v. United States*, 584 U.S. 577, 585 (2018); *United States v. Afriyie*, 27 F.4th 161, 173 (2d Cir.), *cert. denied*, 143 S. Ct. 326 (2022). The resubmitted records shall exclude any entry pertaining to an unrelated matter, including the SEC's investigation, unrelated real estate matters, and civil suits. Where an entry pertains to both the criminal investigation and an unrelated matter, including the SEC investigation, the Estate and Mirae shall altogether eliminate that entry from the total sought in restitution. *See United States v. Avenatti*, No. 19-CR-373, 2022 WL 452385, at *10 (S.D.N.Y. Feb. 14, 2022), *aff'd*, 81 F.4th 171 (2d Cir. 2023) (explaining that "a reasonable solution [to] commingled billing items" is to exclude them).

In addition, the Court hereby orders the Government, in coordination with the Estate and Mirae, to file a letter summarizing the revised submissions and providing a revised calculation of "expenses incurred during participation in the [criminal] investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

SO ORDERED.

Dated:   May 8, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge