UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

MICHAEL HILD,

Defendant.

No. 19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On May 8, 2024, the Court ordered the Government, in coordination with the Bankruptcy Estate of Live Well Financial, Inc. ("Estate"), to resubmit billing records with only "expenses incurred during participation in the [criminal] investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4); *see Lagos v. United States*, 584 U.S. 577, 585 (2018); *United States v. Afriyie*, 27 F.4th 161, 173 (2d Cir.), *cert. denied*, 143 S. Ct. 326 (2022). As the Court explained, the resubmitted records were to exclude any entry pertaining to an unrelated matter, including the SEC's investigation, unrelated real estate matters, and civil suits. Where an entry pertained to both the criminal investigation and an unrelated matter, including the SEC investigation, the Government, in coordination with the Estate, was to altogether eliminate that entry from the total sought in restitution. *See United States v. Avenatti*, No. 19-CR-373, 2022 WL 452385, at *10 (S.D.N.Y. Feb. 14, 2022), *aff'd*, 81 F.4th 171 (2d Cir. 2023) (explaining that "a reasonable solution [to] commingled billing items" is to exclude them).

The Estate's resubmitted billing records fail to comply with this order. The records still contain many entries pertaining to the SEC investigation and block billing entries. For example, Page 22 includes multiple entries referencing Judge Alison Nathan, who previously presided over the related civil case *U.S. SEC v. Live Well Financial, Inc. et al.*, No. 19-CV-8086. Page 21,

meanwhile, redacts part of a billing entry instead of eliminating that entry altogether from the total sought in restitution—without so much as reducing the associated fee in light of the non-compliant partial redaction.

Separately, the billing records include a myriad of entries related to preparing for and participating in certain real estate auctions. Under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(b)(4), a victim is entitled to restitution for "*necessary* . . . expenses incurred during participation in the [criminal] investigation or prosecution of the offense or attendance at proceedings related to the offense." *United States v. Maynard*, 743 F.3d 374, 380–81 (2d Cir. 2014) (18 U.S.C. § 3663A(b)(4)). "[T]he Government, the Defendant, Laura Hild, Church Hill Ventures, Gardenia, and VACU s[ought] the sale of the following subset of the Real Estate Development Properties . . . to preserve their value pending a resolution of the criminal charges and a final adjudication of the Government's forfeiture claims and for other reasons." Order at 1, Dkt. 21. It is not clear to the Court, however, that preparing for or participating in these sales was a "*necessary* . . . expense[] incurred during participation in the [criminal] investigation or prosecution . . . or attendance at proceedings related to the offense." *Maynard*, 743 F.3d at 380–81. Accordingly, the Government, in coordination with the Estate, is hereby ordered to submit a letter, no later than May 31, 2024, providing factual and legal support for why fees incurred in the preparation of and participation in the real estate auctions are compensable.

The Government, in coordination with the Estate, is further ordered to submit two revised versions of the billing records no later than May 31, 2024:

1. A copy of the billing records that redact (1) any billing entry pertaining to the SEC investigation and litigation, (2) any block billing entry that involves any non-

    compensable billing, and (3) any billing entries related to preparing for and participating in the real estate auctions; and

2. A copy of billing records that redact (1) any billing entry pertaining to the SEC investigation and litigation and (2) any block billing entry that involves any non-compensable billing.

The Government, in coordination with the Estate, is further ordered to provide updated totals corresponding to each version of the revised billing records.

Failure to comply with this order may result in sanctions.

SO ORDERED.

Dated:   May 24, 2024
           New York, New York

                                                 Ronnie Abrams
                                                 United States District Judge