

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

March 3, 2026

**BY CM/ECF**

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

    Re:    *United States v. Hild*, 19 Cr. 602 (RA)

Dear Judge Abrams:

    The Government respectfully submits this response in opposition to defendant Michael Hild's ("Hild" or the "defendant") application for bail pending a petition for a writ of certiorari to the United States Supreme Court. For the reasons set forth below, the Court should deny Hild's motion and set a surrender date.

    **I.**    **Background**

    On August 26, 2019, Hild was indicted for offenses including securities, wire, and bank fraud for his involvement in a multiyear scheme to fraudulently inflate the value of certain bonds owned by his company, Live Well Financial ("Live Well"), in order to induce lenders to loan money to Live Well. On April 30, 2021, after an approximately fourteen-day trial, a jury found Hild guilty on all counts.

    Post-trial, Hild moved for a judgment of acquittal, or in the alternative a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33 (the "First Rule 33 Motion"). As relevant here, Hild argued that he was entitled to a new trial because his trial counsel suffered from an undisclosed conflict of interest that resulted in a violation of Hild's Sixth Amendment rights. (Dkt. 104 at 15-40).[1] On December 12, 2022, this Court issued a decision denying Hild's motions. (Dkt. 140).

    Shortly thereafter, on January 27, 2023, this Court sentenced Hild to 44 months' imprisonment. The Court granted Hild bail pending appeal based on the ineffective assistance of counsel argument raised in the First Rule 33 Motion, in particular Hild's contention that the conduct of his trial counsel should be evaluated under the "more lenient" standard of *Cuyler v. Sullivan*, 446 U.S. 335 (1980) rather than the "familiar lens" of *Strickland v. Washington*, 466 U.S. 668 (1984). (Dkt. 154 at 2-3).

---

[1] Cites to Dkt. are to this Court's docket in *United States v. Michael Hild*, 19 Cr. 602 (RA); cites to App. Dkt. are to the Second Circuit docket in *United States v. Michael Hild*, 23-6136 (2d Cir.).

The Court of Appeals affirmed Hild's conviction. (App. Dkts. 75, 76, 80). With respect to the ineffective assistance of counsel issue on which this Court granted bail pending appeal, the Second Circuit stated that it affirmed Hild's conviction for the reasons stated in this Court's "thorough and careful decision." (App. Dkt. 80, at 11).

The mandate issued on February 17, 2026. Hild now seeks bail pending a petition for a writ of certiorari with the United States Supreme Court. (Dkt. 153).

II.     **Applicable Law**

The law "disfavors release" pending appeal and certiorari. *United States v. Abuhamra*, 389 F.3d 309, 318 (2d Cir. 2004). The Bail Reform Act provides that a court "*shall order* that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending "appeal or a petition for a writ of certiorari" unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released," and that the appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, [or] (ii) an order for a new trial." 18 U.S.C. § 3143(b) (emphasis added). This provision gives effect to Congress's view that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances." *United States v. Miller*, 753 F.2d 19, 22 (3d Cir. 1985). The burden of persuasion in meeting 18 U.S.C. § 3143(b)'s standard for release "rests on the defendant." *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985).

Although the standard for bail pending appeal and bail pending a petition for certiorari is the same, the practical application of the statute in each circumstance is quite different. That is the case for two reasons.

*First*, direct appeal to the Circuit may be taken by criminal defendants as a matter of right; there is no need for the Court of Appeals to grant a defendant review. Not so with respect to the United States Supreme Court, which grants review on a writ of certiorari only as a matter of judicial discretion. (Sup. Ct. R. 10). Indeed, as this Court is undoubtedly aware, the standard for review on a writ of certiorari is very high. Review is granted "only for compelling reasons" such as conflicting decisions among the United States Courts of Appeals on "the same important matter" or a decision by a United States Court of Appeals on an important question of federal law that "conflicts with the relevant decisions" of the United States Supreme Court" or "has not been, but should be, settled by" the Supreme Court. (Sup. Ct .R. 10). Petition for a writ of certiorari "is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." (Sup. Ct. R. 10).

*Second*, in order for a defendant to secure reversal at the Supreme Court, the defendant would have to secure not just the votes of four Justices needed for a grant of certiorari, but also the votes of five Justices on the merits, for an ultimate ruling in the defendant's favor. *See McBride v. CSX Transp., Inc.,* 611 F.3d 316, 317 (7th Cir. 2010) (Ripple, *J.*, in chambers) (addressing

analogous question of stay of the mandate pending certiorari); *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (same).

Thus, as a practical matter, it is more difficult for a defendant to show that his case is one that "raises a substantial question of law or fact likely" to result in "reversal" or "an order for a new trial" pending a petition for certiorari than pending direct appeal.

### III. Discussion

Hild's motion for bail pending a writ of certiorari should be denied for three reasons: (1) Hild has engaged in a pattern of attempts to delay final resolution of his appeal; (2) Hild's ineffective assistance of counsel claim does not raise a substantial question that is likely to be taken up by the Supreme Court; and (3) in the unlikely event the Supreme Court were to issue the writ and reach a decision favorable to Hild, such a decision is unlikely to result in reversal or an order for a new trial. Accordingly, Hild's motion should be denied.

### A. Hild's Petition Is Designed to Delay

When Hild sought bail pending appeal following his sentencing in 2023, the Government stated that it did not dispute that Hild had "taken his appeal in good faith and not for the purpose of delay." (Dkt. 153). Since that time, however, Hild has sought to delay final resolution of his appeal and, in turn, commencement of his term of incarceration, at every opportunity. Now, more than *three years* post-sentencing, nearly *five years* post-guilty verdict, more than *six years* post-indictment, and more than a *decade* since Hild's unlawful conduct began, Hild has not served a single day of the 44-month sentence of imprisonment imposed by Your Honor.

A brief recitation of the procedural history of Hild's appeal illustrates the efforts he has made to delay final resolution of his case. Hild filed a notice of appeal on February 8, 2023; the original scheduled due date for his appellate brief was June 5, 2023. (App. Dkt. 13). One month before that due date, on May 4, 2023, Hild filed a motion for an adjournment of the appellate briefing schedule *sine die*, pending final determination by this Court of restitution to be paid. (App. Dkt. 21). The Court of Appeals granted a limited extension to August 4, 2023. (App. Dkt. 22). Approximately one month later, on June 15, 2023, Hild filed a second request to adjourn the briefing schedule, this time asking that the August 4, 2023 deadline be held in abeyance until this Court resolved a second motion Hild had filed pursuant to Federal Rule of Criminal Procedure 33 (the "Second Rule 33 Motion"). (App. Dkt. 23). The Court of Appeals again granted the request in part, extending Hild's filing deadline for his appellate brief only to December 2023. (Dkt. 25). Three months later, on September 22, 2023, Hild filed yet another motion, this time to stay the briefing schedule until this Court had resolved issues regarding restitution and discovery. (App. Dkt. 28). The Court of Appeals denied the request. (App. Dkt. 29).

Even after Hild filed his brief on appeal, he again sought to delay, seeking consolidation of his appeal with a second appeal he had filed following this Court's decision on the Second Rule 33 Motion. (App. Dkt. 54). Hild sought consolidation of the two appeals and a briefing schedule that would not be complete for another four months. (App. Dkt. 54). The Court of Appeals

Hon. Ronnie Abrams
March 3, 2026
Page 4 of 6

consolidated the two appeals, but imposed a briefing schedule that was half as long as the schedule proposed by Hild. (App. Dkt. 56).

Nor did the Second Circuit's affirmance of Hild's conviction thwart his attempts to delay. Following the Second Circuit's issuance of a unanimous opinion and separate summary order affirming this Court's judgment on July 30, 2025 (App. Dkts. 75, 76)[2], Hild filed a petition for rehearing and rehearing *en banc*, focused exclusively on the ineffective assistance of counsel issue. (App. Dkt. 79). The Court of Appeals denied Hild's request for panel rehearing, but issued an amended summary order. (App. Dkts. 80, 81). Shortly thereafter, Hild filed a *second* petition for panel rehearing and rehearing *en banc*. The second petition addressed the amended summary order and again focused exclusively on the issue of ineffective assistance of counsel. (App. Dkt. 82). The Court of Appeals denied Hild's request for rehearing and rehearing *en banc* and issued the mandate. (App. Dkt. 83).

Even issuance of the mandate did not, however, bring Hild's appeal to a close. On January 6, 2026 Hild filed a motion for clarification, inquiring of the Court of Appeals whether its denial of Hild's petition for rehearing and rehearing *en banc* was addressed to one or both of Hild's petitions. (App. Dkt. 85). As a result, the Court of Appeals withdrew the mandate, issued an order clarifying that all of Hild's petitions for re hearing and *en banc* review had been denied (App. Dkt. 90), and reissued the mandate.

That is all to say nothing of what has been happening before this Court, where Hild has filed two motions pursuant to Rule 33 (Dkt. 102, 173)—and sought an extension of time to file a third (Dkt. 230)—both of which have been denied (Dkt. 140, 192). As set forth above, the Second Rule 33 Motion resulted in additional delays in the resolution of Hild's appeal.

Taking all of that together, it has now been nearly five years since Hild was convicted by a jury, and more than three years since Hild was sentenced by this Court. The victims of Hild's fraud have long been waiting for justice. Hild's conviction now having been affirmed and requests for rehearing having twice been denied, that wait should come to an end.

### B. Hild's Petition Does Not Raise a Substantial Question Likely to Be Taken Up by the Supreme Court

Even if delay were not an issue in this case—and it very much is—Hild's request for bail pending certiorari should be denied for the independent reason that he has not set forth a substantial issue that is likely even to be taken up by the Supreme Court, let alone result in vacatur of his conviction or a new trial.

This Court previously characterized Hild's ineffective assistance of counsel argument as "novel" and "challenging." (Dkt. 140, at 2). Indeed, in responding to Hild's original motion for

---

[2] The opinion addressed Hild's claim of insufficient evidence and claim pursuant to *Ciminelli v. United States*, 598 U.S. 306 (2023); the summary order addressed the other issues raised in Hild's appeal, including the issue of ineffective assistance of counsel.

bail pending appeal, the Government did not dispute that Hild had raised a substantial legal issue. (Dkt. 152, at 2). The landscape, however, has now changed. Hild's conviction was affirmed in a unanimous opinion and summary order, and the Court of Appeals has denied *both* of Hild's motions for rehearing and panel rehearing—motions specifically focused on the ineffective assistance of counsel issue that Hild reports will be the basis for his petition before the Supreme Court. Thus, though the issue Hild raised may have been novel in the first instance, the Court of Appeals had no issue unanimously affirming the "thorough and careful" decision of this Court addressing the issue. (App. Dkt. 81).

Moreover, Hild's letter does not set forth any conflicting decisions among the Courts of Appeals that satisfy the Supreme Court's criteria for a grant of certiorari. Indeed, even if the Supreme Court disagreed with this Court's handling of the ineffective assistance of counsel issue, it is quite possible that the Supreme Court would view Hild's petition as raising an issue of merely the "misapplication of a properly stated rule of law," the kind of asserted error on which certiorari is "rarely granted." (Sup. Ct. R. 10).

In sum, because it seems highly unlikely that the Supreme Court will grant Hild a writ of certiorari, let alone reverse his conviction or grant him a new trial, there is little reason to further delay the commencement of Hild's service of his sentence.

### C. Hild's Petition is Unlikely to Result in a Reversal or Order for a New Trial

Finally, Hild has failed to meet his burden to establish that "a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Randell*, 761 F.2d at 125. That is because, while a defendant who has established that his attorney labored under an actual conflict of interest "need not prove prejudice" in order to establish a Sixth Amendment violation and obtain a new trial, he must still prove that "a lapse in representation resulted from the conflict." *United States v. Iorizzo*, 786 F.2d 52, 58 (2d Cir. 1986) (internal quotation marks omitted omitted); *accord United States v. Schwarz*, 283 F.3d 76, 91-92 (2d Cir. 2002) ("The finding of an actual conflict . . . is only the first step in determining whether [a defendant] has established his claim of ineffective assistance of counsel."). To prove a lapse in representation due to an actual conflict, a defendant must "demonstrate that some plausible alternative defense strategy or tactic might have been pursued, and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *United States v. Levy*, 25 F.3d 146, 157 (2d Cir.1994). As the Government set forth in detail in its opposition to Hild's initial motion for bail pending appeal, Hild has failed to make any such showing here. (*See* Dkt. 153).

IV. Conclusion

Accordingly, Hild's motion for bail pending certiorari should be denied and Hild should be directed to surrender to his designated institution within two weeks' time.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s/                        
Maggie Lynaugh
Assistant United States Attorney
(212) 637-2448