# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
―――
WRITER'S CONTACT INFORMATION

bjacobs@maglaw.com
212-880-9536
#
March 3, 2026

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN
―――
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
―――
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

**BY ECF**
Hon. Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, NY 10007

   Re:  United States v. Michael Hild, 19 Cr. 602 (S.D.N.Y.) (RA) (KHP)

Dear Judge Abrams:

  I am counsel for defendant Michael Hild, and I write respectfully to respond to the government's letter dated March 3, 2026 ("Gov. Letter"), opposing Mr. Hild's request that the Court grant Mr. Hild continued bail pending a petition for certiorari in the U.S. Supreme Court. In Mr. Hild's original letter dated January 7, 2026, Mr. Hild asked this Court to grant bail pending certiorari for the same reasons this Court previously granted Mr. Hild bail pending appeal and pursuant to the same legal standard under the Bail Reform Act this Court previously correctly applied.  The government's opposition claims: (1) the legal standard applies differently in practice to motions for bail pending certiorari even if the standard is technically the same, (2) Mr. Hild has delayed these proceedings, and (3) the Supreme Court is unlikely to grant the petition.  These arguments have no merit.  The standard for bail pending certiorari is the same as for bail pending appeal in practice and the government cites no authority to the contrary (and improperly relies on civil cases requiring likelihood of success); Mr. Hild's appellate filings have not been for purposes of delay where delays have been attributable to a variety of factors including the time it has taken courts to schedule arguments and to issue opinions; and finally, this Court already found that Mr. Hild met the applicable standard, which does not require Mr. Hild to show that the Supreme Court will likely grant a petition.  This Court should continue bail pending certiorari.

  First, Mr. Hild's original request explained how the Bail Reform Act sets the identical standard for bail pending appeal as for bail pending certiorari.  *See* 18 U.S.C. § 3143(b)(1) (setting same standard for defendant "who has filed an appeal *or a petition for a writ of certiorari*" (emphasis added)).  The government acknowledges that "the standard for bail

Morvillo Abramowitz Grand Iason & Anello P. C.

March 3, 2026
Page 2

pending appeal and bail pending a petition for certiorari is the same," but asserts—without any authority—that "the practical application of the statute in each circumstance is quite different" in a way that warrants denial of Mr. Hild's request. (Gov. Letter at 2.) Not so. The government does not cite any criminal cases in support of its proposition that there is a "practical" difference in how courts should interpret the Bail Reform Act when the request is for bail pending certiorari instead of bail pending appeal. Instead, the government cites two out-of-circuit civil cases that apply a different standard that asks, "whether the applicant has a reasonable probability of *succeeding on the merits* and *whether the applicant will suffer irreparable injury*." *McBride v. CSX Transp., Inc.*, 611 F.3d 316, 317 (7th Cir. 2010) (internal quotation marks and citations omitted) (cited in Gov. Letter at 2-3); *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (denying motion to stay mandate due to absence of showing of "irreparable injury" absent a stay) (emphasis added) (cited at Gov. Letter at 3).

Contrary to the inapplicable civil cases on which the government relies, the Bail Reform Act does not require a showing of likelihood of success or irreparable injury for bail pending certiorari. Congress expressly included petitions for writ of certiorari within § 3143(b)(1). The statute does not create a tiered or heightened standard at the certiorari stage, and courts are not at liberty to impose additional requirements beyond those Congress enacted.

The government does not address the multiple cases on which Mr. Hild relied in his original letter that apply the Bail Reform Act. As Mr. Hild noted, in *United States v. Rafsky*, No. 85-cr-303, 1987 WL 7196 (E.D. Pa. Feb. 26, 1987), U.S. District Judge Louis H. Pollak granted bail pending certiorari over the government's objection due to the Bail Reform Act setting the same standard for what qualifies as a substantial question, and due to the fact that Judge Pollak had previously applied that very standard to grant bail pending appeal—the very ruling Mr. Hild requests here. *See Rafsky*, 1987 WL 7196, at *2; *see also United States v. Conroy*, 2009 WL 10706742, at *2 (S.D. Miss. Oct. 13, 2009) (granting bail under the Bail Reform Act pending ruling on the petition for writ of certiorari following the Fifth Circuit's affirmance of conviction). Rather than attempting to distinguish *Rafsky* and *Conroy*, the government pretends they do not exist. This Court should apply the Bail Reform Act and follow this Court's own prior ruling that Mr. Hild meets the applicable standard.

Second, the government argues that Mr. Hild "has engaged in a pattern of attempts to delay final resolution of his appeal." (Gov. Letter at 3.) The government stresses that this motion comes "*three years* post-sentencing, nearly *five years* post-guilty verdict, more than *six years* post-indictment, and more than a decade since Hild's unlawful conduct began." (Gov. Letter at 3 (emphasis in government's letter).) This argument unfairly and improperly blames Mr. Hild for the passage of periods of time during which multiple courts, including this Court, were drafting opinions addressing Mr. Hild's legal arguments, periods of time that the government itself requested to prepare its own briefs, and periods of time that the law properly affords Mr. Hild to vindicate his due process rights.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

March 3, 2026
Page 3


For example, after the jury verdict on April 30, 2021, Mr. Hild filed a motion for a new trial on July 27, 2021 (DE 102). The government asked for an extension of time to file opposition briefs (DE 117), and opposed Mr. Hild's motion on August 20, 2021 (DE 118). This Court held oral argument on April 29, 2022, and issued an opinion denying Mr. Hild's motion on December 7, 2022 (DE 140). Thus, 16 months passed between Mr. Hild's filing of his motion in July 2021 and this Court's ruling in December 2022, during which the government responded to the motion and this Court ruled. Mr. Hild should not be penalized for the time the government and this Court took to address his motion.

For another example, Mr. Hild filed his brief on appeal in December 2023 and filed a supplemental brief, with the Second Circuit's permission, in October 2024. To the extent Mr. Hild requested extensions of his briefing deadlines, and the Second Circuit granted those extensions, they were premised on the need to await rulings from this Court on key issues and to ensure that the Second Circuit could resolve the issues on appeal at once rather than piecemeal. The government's quarrel with extensions that the Second Circuit itself found appropriate (Gov. Letter at 3-4), and that were premised on the need to obtain rulings from this Court, do not show any improper conduct on Mr. Hild's part, but rather a desire to afford an orderly appellate process.

Further, subsequent delays in the Second Circuit cannot remotely be attributed to Mr. Hild, particularly where the Circuit itself has expressly vacated three of its orders in this case as erroneous. The Second Circuit originally proposed the appeal for oral argument in late September 2024, some nine months after Mr. Hild's brief was filed, and ultimately set the argument for December 20, 2024. After oral argument, the Second Circuit did not rule until July 30, 2025, issuing both a summary order and an opinion. The Second Circuit's summary order, however, committed an error of law, which Mr. Hild argued in his first petition for rehearing and which the panel attempted to correct by issuing the amended summary order dated October 15, 2025, in place of the original summary order. Mr. Hild sought rehearing relating to that amended summary order within the time allowed by the applicable rules, and the Second Circuit issued an order denying review, but the order denying review applied only to one of Mr. Hild's two pending petitions (Second Circuit DE 83). The Second Circuit then issued the mandate, but subsequently acknowledged that it did so in error, writing that the mandate was "prematurely issued due to administrative error." (Second Circuit DE 86.) The Second Circuit then denied one of Mr. Hild's petitions (Second Circuit DE 88), but vacated that order, writing that the order was "entered in error." (Second Circuit DE 89.) Thus, at a minimum, the Second Circuit has vacated three of its orders—the original summary order, the first mandate, and the January 30 denial of rehearing. This government strains to attribute the Second Circuit's trail of errors to Mr. Hild, but the Court should recognize and swiftly reject the government's position as unfounded where the Second Circuit itself has repeatedly acknowledged its procedural errors in this case.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

March 3, 2026
Page 4

The government's own dilatory approach to this motion practice also runs contrary to its arguments. Mr. Hild promptly sought bail pending certiorari after the mandate originally issued, with his letter dated January 7, 2026. The government did not immediately respond, and instead filed a letter on January 13, 2026, requesting an extension until January 20, 2026. Ultimately, the Court correctly paused submissions (on Mr. Hild's request) after the Second Circuit recalled the mandate on January 14, 2026 (DE 257). The Second Circuit reissued the mandate, however, on February 17, 2026, but the government did not immediately file a responsive letter despite having had more than a month to prepare one. Instead, counsel for Mr. Hild reached out to the assigned AUSA, Margaret Lynaugh, that same day to inform her of the mandate and to ask when she planned to submit her opposition to bail pending certiorari. AUSA Lynaugh initially ignored the email for several days. Counsel for Mr. Hild followed up on February 20, 2026, and AUSA Lynaugh wrote, "Sorry for the delay, Brian. We'll file something next week." (*See* Exhibit A.) AUSA Lynaugh did not file a response the following week, however, and instead filed a response only today, two weeks after the mandate issued and some 55 days after Mr. Hild originally requested bail, after taking responsibility for her own "delay." The government's lack of urgency in filing its response and its own delay casts doubt on its claims that Mr. Hild has taken any steps here for purposes of delay as opposed to for the proper purpose of vindicating his due process rights. It also bears noting that the government requests that Mr. Hild be directed to surrender to "his designated institution" (Gov. Letter at 6), but Mr. Hild has not been informed of his designation yet.

Third and finally, the government argues that Mr. Hild's petition for certiorari is not "likely even to be taken up by the Supreme Court." (Gov. Letter at 4.) On the merits, Mr. Hild has previously explained—and this Court has agreed—that the issue Mr. Hild intends to raise of whether *Strickland* or *Sullivan* governs Mr. Hild's ineffective assistance claim is a substantial one. Beyond that, the Bail Reform Act does not require that the Court find that the Supreme Court will likely grant a petition. Rather, the Bail Reform Act merely requires that Mr. Hild have a substantial issue, *see Rafsky*, 1987 WL 7196, at *2—a standard this Court already found that Mr. Hild met.

This Court should grant Mr. Hild continued bail pending certiorari under the Bail Reform Act for the same reasons this Court granted him bail pending appeal. *See* 18 U.S.C. § 3143(b)(1).

Respectfully submitted,

*/s/ Brian A. Jacobs*

Brian A. Jacobs

cc: All counsel (by ECF)

# EXHIBIT A

**Jacobs, Brian**

---

| | |
|---|---|
| **From:** | Lynaugh, Margaret (USANYS) <Margaret.Lynaugh@usdoj.gov> |
| **Sent:** | Friday, February 20, 2026 5:27 PM |
| **To:** | Jacobs, Brian |
| **Subject:** | [External] RE: Hild |

Sorry for the delay, Brian.  We'll file something next week.

---

**From:** Jacobs, Brian <bjacobs@maglaw.com>
**Sent:** Friday, February 20, 2026 5:23 PM
**To:** Lynaugh, Margaret (USANYS) <Margaret.Lynaugh@usdoj.gov>
**Subject:** [EXTERNAL] RE: Hild

Hi Maggie – Just following up on this.  Let me know your thoughts?  Thanks.

---

**From:** Jacobs, Brian
**Sent:** Tuesday, February 17, 2026 10:58 AM
**To:** Lynaugh, Margaret (USANYS) <margaret.lynaugh@usdoj.gov>
**Subject:** Hild

The Second Circuit issued the mandate today, so we'd like Judge Abrams to consider our motion for bail pending a cert petition.  When do you plan to submit your opposition?  Thanks - Brian

**Brian A. Jacobs**
Partner
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
212-880-9536 (direct)
bjacobs@maglaw.com
www.maglaw.com

**Morvillo Abramowitz**
Grand Iason & Anello PC

NOTICE: This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from their computer.

**EXTERNAL:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.