UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL HILD,

Defendant.

19-CR-602 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On April 30, 2021, Defendant Michael Hild was convicted of committing securities fraud, wire fraud, and bank fraud, as well as conspiring to do so, after a fourteen-day trial. On February 27, 2023, the Court granted him bail pending his appeal of that conviction to the Second Circuit. Dkt. 154 ("Order"). On February 17, 2026, the Second Circuit issued a mandate affirming Hild's conviction by opinion and summary order. Dkt. 225; *see United States v. Hild*, 147 F.4th 103 (2d Cir. 2025); *United States v. Hild*, 2025 WL 2924205 (2d Cir. Oct. 15, 2025) (summary order). In the instant motion, Hild now seeks bail pending the resolution of his petition for a writ of certiorari. Dkt. 252 ("Def. Mot."). The Government filed an opposition, Dkt. 259 ("Gov. Opp'n"), to which Hild replied. Dkt. 260 ("Def. Repl.").

In its prior Order, the Court applied the standards set forth in the Bail Reform Act, 18 U.S.C. § 3143, *et seq.*, as construed by the Second Circuit. Order at 1–3; *see United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985). The Court determined that (1) Hild presented neither a flight risk nor a danger to the community, (2) Hild's appeal was not made solely for the purposes of delay, (3) Hild's appeal presented a substantial question of law or fact, and (4) that a favorable decision for Hild on appeal would likely require reversal of his conviction or a new trial. Order at 1–3. The Government recognizes that "the standard for bail pending appeal and bail pending a petition for certiorari is the same," but nonetheless argues that Hild's certiorari petition is "[d]esigned to [d]elay," does not "set

forth a substantial issue that is likely even to be taken up by the Supreme Court," and that a contrary appellate holding would not require reversal or a new trial. Gov. Opp'n at 2–5.

For the reasons largely set forth in the Court's February 27, 2023 Order, the instant motion is granted. Having previously concluded that Hild's appeal raises a substantial issue, the Court is not persuaded that his certiorari petition serves a purely dilatory purpose. Order at 2–3. Moreover, as this Court and the Second Circuit have previously noted, the Bail Reform Act "cannot reasonably be construed to require the district court to predict the probability of reversal." Order at 2 (quoting *Randell*, 761 F.2d at 124). The Court declines the Government's invitation to engage in the same speculation as to the probability that Hild's certiorari petition will be granted. It will further not revisit its finding that a contrary appellate holding would likely require a reversal of Hild's conviction or a new trial. Order at 3. Finally, no facts before the Court suggest that Hild now poses a flight risk or a danger to the community, or that he has not complied with any of the terms of his release.

Accordingly, Hild's motion for bail pending appeal is granted. Hild shall be bound by the same conditions of bail previously set by this Court. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 252.

SO ORDERED.

Dated:    April 24, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge

2