

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

June 22, 2026

**BY ECF**

The Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 2203
New York, New York 10007

> Re:   *United States v. Hild*, 19 Cr. 602 (RA)

Dear Judge Abrams:

The Government respectfully submits this surreply in response to three points raised in Michael Hild's ("Hild" or the "defendant") reply in support of his motion for bail pending habeas litigation. (*See* Dkt. 267.) In an effort to delay his sentence still further, Hild resorts to mischaracterization of the trial record and misapplication of the applicable legal standards.

*First*, contrary to Hild's assertions, the Government has not employed any "sleight of hand" in observing that the Bloomberg prices played an insignificant role at trial. Rather it is Hild who is attempting to mislead the Court by asserting that that word "market" was "effectively a synonym for 'Bloomberg' at trial." (Dkt. 267, at 2). That is not so. The fundamental question at trial was whether Hild had marked the price of the Live Well bond portfolio up significantly beyond the price at which he knew the bonds could be sold. Thus, the case involved extensive discussion of the market and market value for the bonds at issue, which is precisely why the word "market" was used—as Hild states—more than 1,000 times in the trial transcript. But that does not mean that "market" was a substitute for "Bloomberg." "Market" and "market value" were simply terms used to describe the price at which the bonds could be bought and sold.

Although one conceivable way to prove market price *could* be through evidence of the prices listed by Bloomberg or other pricing agencies, that was **not** the proof the Government employed at trial. As review of the Government's summation and rebuttal reveal, the Government's case centered around showing that the "Scenario 14" prices that Hild assigned to the bonds in Live Well's portfolio and that he fed to IDC were prices that Hild knew the bonds could not be sold for, as evidenced by Hild's own emails and recorded conversations. (*See* Tr. 2121-2180; 2232-2246). Indeed, as the Government stated in its summation, the "best indicator" of "market value" was the price at which Live Well bought the bonds—not any prices listed by Bloomberg. (Tr. 2149). The Government never even offered proof at trial of the specific prices Bloomberg assigned to any of the bonds in Live Well's portfolio, and to the extent there is limited discussion of Bloomberg's prices, those references were elicited primarily to explain the actions of certain trial witnesses. And such testimony is limited indeed. In more than 2,000 pages of trial

Hon. Ronnie Abrams
June 22, 2026
Page 2 of 3

transcript, the references to Bloomberg[1] can be found on fewer than approximately 20 pages, and—as set forth below—many of those references were raised on cross-examination, not as part of the Government's offered testimony:

| Testimony | Transcript Cite |
|---|---|
| Alan Levy Cross Examination | Tr. 720-722, 725 |
| Joe Redoutey Direct Examination | Tr. 749-750 |
| Joe Redoutey Cross Examination | Tr. 783-787, 792 |
| Glen Haddock Direct Examination | Tr. 1606-08 |
| Glen Haddock Cross Examination | Tr. 1634-1635, 1647 |
| Government Summation | Tr. 2176 |

Thus, the "examples" Hild cites in his reply submission of the Government eliciting testimony that references Bloomberg are actually the *universe* of testimony the Government elicited on that subject. It is, therefore, completely unsurprising that the word Bloomberg was uttered only once in the entirety of the Government's summation and rebuttal arguments.

*Second*, with respect to Stumberger, although it was under no obligation to do so, after counsel for Hild informed the Government of the contents of the March 5, 2025 transcript of the proceeding in federal Court in Michigan and the emails from Stumberger that Hild appended to his motion for bail pending habeas litigation (*see* Dkt. 264, Exs. A to C), the Government reached-out to counsel for Stumberger. The Government provided counsel with the transcript[2] and inquired whether Stumberger was recanting his testimony. Several weeks later, counsel for Stumberger emailed the Government back to say that he had reviewed the materials with his client and did not believe Stumberger was saying or would say anything that would jeopardize his previous admission of guilt. Thus, contrary to Hild's assertions, the Government is not in possession of any *Brady* material related to Stumberger's recent statements in the Michigan litigation. And the Government is under no obligation to provide any sort of affidavit from Stumberger that he stands by his trial testimony. Rather it is Hild, the movant, who bears the burden and must provide the Court with evidence of a "substantial claim."[3]

---

[1] The Government is not including in this list references to Bloomberg chats or messages, which are simply electronic messages exchanged on the Bloomberg platform. Nor does the Government include a single use of the word "Bloomberg" during Eric Rohr's ("Rohr") testimony that is unrelated to the issue before the Court. In that testimony, Rohr describes a particular email as a "VCON ticket, which is basically a trade ticket" that he thinks was "generated through Bloomberg or something like that." (Tr. 1044).

[2] The Government also later provided certain emails from Stumberger in connection with the Michigan case.

[3] Furthermore, Hild's description of Foster's submissions to Bloomberg as the "biased submissions of a government cooperator" are utterly without base. (Dkt. 267, at 6). Regardless of when the SEC began speaking with Foster, the Government only opened the investigation into Live Well in approximately May of 2019, and Foster did not meet with the Government until late

Hon. Ronnie Abrams
June 22, 2026
Page 3 of 3

*Third*, Hild still has not set forth any extraordinary circumstances, which are required before a court may grant bail pending habeas litigation. See *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (a defendant must show that "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective" in order to receive the special treatment of bail pending habeas litigation). As detailed in the Government's opposition letter, the Government has no reason to believe that Counsel-1 has any intention to harm Hild. Counsel-1 informed Hild's lawyer that he had no intention of harming Hild shortly after Hild filed the instant motion, and the Government and FBI spoke with Counsel-1 and confirmed that. There is no further investigation to be conducted.

Moreover, the vague statements in a single paragraph of Hild's reply that address the supposed extraordinary circumstances make clear that no such circumstances exist. The reality is that the Second Circuit has evaluated and affirmed Hild's conviction—including based on the ineffective assistance of counsel argument this Court referred to as "novel" and "challenging" three-and-a-half years ago (Dkt. 140)—and the Supreme Court has denied *certiorari*. Hild has no more avenues for direct appeal and, despite his best efforts to manufacture arguments for collateral attack, he has failed to raise any substantial issues.

Accordingly, the law and justice require that the Court deny Hild's motion and maintain the current surrender date of July 10, 2026.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____
Maggie Lynaugh
Assistant United States Attorney
(212) 637-2448

---

June of 2019, a mere two months before Hild was indicted in August 2019. Moreover, the indictment only covers the period September 2015 through May 2019 (Dkt. 2), which means that a non-prosecution agreement could not have been in discussion during the charged period of Hild's criminal conduct.