UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HILD,<br><br>Defendant. | No. 19-cr-00602 (RA) |

**MOTION FOR ADMINISTRATIVE ORDER RECOGNIZING ASSIGNMENT OF INTEREST IN RESTITUTION PAYMENTS AND UPDATING RESTITUTION REMITTANCE AND NOTICE INFORMATION**

Interested Party Industrial and Commercial Bank of China Ltd. ("ICBC Ltd.") respectfully moves for a limited administrative order recognizing the assignment to ICBC Ltd. of Industrial and Commercial Bank of China Financial Services LLC's ("ICBCFS") beneficial interest in, and right to receive, all undistributed and future restitution payments attributable to the $17,795,124.41 restitution allocation (the "ICBC Restitution Allocation") listed under "Industrial and Commercial Bank of China" on page 24 of the Court's September 23, 2024 Opinion & Order, Dkt. 247 (the "Restitution Order"). ICBCFS's assigned interest in those payments is referred to herein as the "Assigned Payment Interest." As explained in Section II.A of the accompanying memorandum, the existing restitution record identifies ICBCFS as the entity whose losses underlie the ICBC Restitution Allocation.

After entry of the Restitution Order, ICBCFS and ICBC Ltd. entered into an Evidence of Transfer dated as of May 22, 2026, execution of which was completed on May 26, 2026. The Transfer of Claim and Evidence of Transfer were filed in *In re Live Well Financial, Inc.*, No. 19-11317 (LSS), as D.I. 623. Through the accompanying declaration of Ming Chen, ICBCFS confirms the existing transfer reflected in the Evidence of Transfer and its current instruction that

\distributions attributable to the Assigned Payment Interest be paid to ICBC Ltd. ICBC Ltd. seeks recognition only of that payment interest; it does not contend that the Evidence of Transfer assigned or modified Defendant's criminal sentence, the Restitution Order itself, or Defendant's obligation to pay restitution.

ICBC Ltd. therefore requests an order directing the Clerk of Court, in coordination with the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York ("FLU"), as appropriate, to update the relevant payee and notice records to identify ICBC Ltd. as the assignee and remittance recipient for the Assigned Payment Interest; to remit any undistributed and all future distributions attributable to the ICBC Restitution Allocation to ICBC Ltd.; and to direct notices and administrative communications concerning that allocation in this criminal case to ICBC Ltd., through the New York Branch contact identified in paragraph 9 of Dong Yu's declaration. Other entities involved in administering restitution may rely on the order to the extent relevant to their existing responsibilities.

The requested relief is limited. It would not recalculate restitution; alter the victim or loss determinations reflected in the Restitution Order; add or substitute a victim for sentencing purposes; increase, accelerate, release, or reduce Defendant's payment obligation; alter the payment schedule, pro rata distribution provisions, or joint-and-several liability provisions; affect the Government's enforcement authority; or affect any other victim's rights. Nor would the requested order authorize ICBCFS or ICBC Ltd. to compromise, release, satisfy, forgive, or reduce Defendant's criminal restitution obligation.

Payments would continue to be made and credited through the existing restitution-administration process. Redirecting a distribution to ICBC Ltd., or reissuing an uncashed or returned payment, would neither require an additional payment from Defendant nor result in a

duplicate credit against his restitution obligation. All otherwise applicable credits and offsets would remain available.

Alternatively, if the Court concludes that formal recognition of the assignment is unnecessary, ICBC Ltd. requests a limited administrative direction implementing ICBCFS's express instruction that distributions attributable to the Assigned Payment Interest be remitted to ICBC Ltd., without otherwise modifying the Restitution Order or judgment.

ICBC Ltd. requested the Government's position regarding the relief sought on October 1, 2026. The Government does not object to the relief requested. Defendant, through counsel, objects.

This motion is supported by the accompanying memorandum of law, the declarations of Dong Yu and Ming Chen, the exhibits submitted with those declarations, and the existing restitution record, including Dkts. 203, 203-1, 218, and 247. A proposed order accompanies the motion.

For the reasons set forth in the accompanying papers, the motion should be granted.

Dated: November 18, 2026
New York, New York

Respectfully submitted,

**McDermott Will & Schulte LLP**

*/s/ Bradley A. Cohen*
Bradley A. Cohen
One Vanderbilt Avenue
New York, NY 10017-3852
T: (212) 547-5400
F: (212) 547-5444
bacohen@mcdermottlaw.com

*Counsel to Industrial and Commercial Bank of China Ltd.*